Lawbence, J.
— I am of the opinion that the submission in this case was a submission under the statute, and that the case must be disposed of on that assumption.
As the parties reduced their agreement to writing it seems to me that they must stand or fall by that agreement, and that it is not competent for me to consider the negotiations which may have taken place between the parties prior to the signing-of the agreement. By the agreement it is provided that “ it is hereby further mutually agreed that the judgment of the supreme court of the state of New York shall be rendered upon the award entered pursuant to this submission.” At common-law judgment could not be entered upon an award, but the parties were left to an action to enforce the same. So, too, the acknowledgment of the submission is clear evidence to my mind that the parties intended to make a submission under the statute, and not otherwise.
The agreement of submission does not contain any provision for the appointment of an umpire in the case of a disagreement between the arbitrators; but inasmuch as the parties to the submission, on the same day on which the agreement of *30 submission was executed, also signed an agreement in writing waiving the oath of the arbitrators, and the umpire selected by them, I think that the two papers should be read together, and that it must be held that the parties contemplated the appointment of an umpire in case the arbitrators were unable to agree.
Although a party may waive the right to be heard and to produce witnesses before arbitrators, such right, will not be deemed to have been waived unless the waiver is clearly demonstrated (See Day agt. Hammond, 57 N. Y., 479, and the cases cited hy Dwight, Commissioner ; see, also, Brown agt. Lyddy, 11 Hun, 451).
In this case there is evidence on the part of Mr. Blum which tends to show a waiver by the parties of the right to call witnesses (see affidavits of Alfred Blum), or to be further heard after they had produced their written statements before the arbitrators. But there is no evidence which shows that either of the parties' agreed that, in case the arbitrators disagreed and found it necessary to appoint an umpire, the parties should not be heard before such umpire and be allowed to produce evidence before him. I regard this fact as fatal to the award in this case. In the case of Brown agt. Lyddy (supra) it was held that, “ even if a party waived his right to appear before the two original arbitrators, he was still entitled. to appear and be heard before the umpire, and that an award by the latter, where a party had had no opportunity to appear before him was void.” How, in this case it appears that the umpire was not notified until the 28th of April, 1884, that he would be called upon to act as such umpire. On the 29th of April, 1884, he accepted the position, and on the 30th of April, 1884, he made his award. The parties were not called before the umpire, nor were they heard before him and the arbitrators. He took the statements which had been laid before the arbitrators, and to use his own language “ having verbally settled the differences between you (that is the arbitrators), and given my decision as umpire, which of course is binding, &c.,” he *31 proceeded to give his reasons for the award which he made, which award was subsequently acquiesced in and agreed to by the arbitrators. In the case of Day agt. Hammond (57 N. Y. R., at page 485), Dwight, commissioner, quotes approvingly from Bussell’s work on arbitrators, wherein the learned author says: “ The umpire, when called upon to act, is in general invested with the same powers as the arbitrators, and bound by the same rules, and has to perform the same duties. He must pursue the same regular course with respect to the conduct of the case as arbitrators. He must examine such witnesses as the parties choose to produce, and as to such points as they choose to raise, although the same witnesses have been examined as to the same points before the arbitrators. He may not take the evidence or any part of it from the notes of the arbitrators, unless there be a special provision in the submission or a clear agreement between the parties permitting such a course ” See, also, Elmendorf agt. Harris (23 Wend., 628), wherein it was held that if an umpire decides without having appointed a time for hearing, or without giving notice of it to a losing party, the award is a nullity in a court of law (See, also, the cases cited in Dwight, commissioner's opinion, 57 N. Y. R., 486).
Bor the reasons above stated, I deem it unnecessary to consider the various other questions which were discussed by counsel, on the argument, and it follows therefore that the motion to vacate and set aside the award should be granted, with costs.