By the Chancellor.
The plaintiff in error was a surety for R. E. Taylor in an arbitration bond executed previously to the revised statutes, and an award having been made against Taylor by the umpire, two questions are presented for our consideration on this -writ of error. First, was it competent for the defendant in error to prove by parol the appointment of *630 the umpire: the appointment not being evidenced by any writing signed by the arbitrators, or the parties ? And secondly, was it a good defence in a suit at lato upon the arbitration bond, that the umpire did not before making his award appoint any time for hearing Taylor, or his witnesses, or proofs relative to the matters of the submission, but made the award against him entirely ex parte and without notice ?
Upon the first question I should have no doubt of the correctness of the decision of the court below if this had been a mere common law arbitra, tion; for where a submission itself may be by parol, and also the award made under it, there can be no good reason for requiring the appointment of an umpire to be in writing. This, however, was [ *631 ] *a submission under the statute of February, 1791, 1 R. L. of 1813, p. 125, as it is expressly agreed in the bond that the submission shall be made a rule of the supreme court. In such eases, I think, it is evident that the legislature contemplated that the proceedings should be in writing, so far at least as to show that the arbitrators or umpire had authority to make an award. When there is no specific time stated in the submission for the appointment of the umpire, it probably will be sufficient if the fact of such appointment is recited in the award itself, if the arbitrators as well as the umpire sit together and hear the parties and their witnesses, and all sign the award. But when the submission, in terms, requires the umpire to be appointed previous to the entering upon the reference, an award signed by them all will not be sufficient evidence of such appointment having been made in due time. Still v. Halford, 4 Campb. R. 17. Here the award is signed by the umpire only, and not by the original arbitrators or either of them. It is, therefore, not á written appointment in itself ; nor is it any evidence of such appointment.
It is frequently said, in the opinions of judges, that an award which is good upon its face cannot be impeached in an action at law thereon; nor can it be vacated, even in equity, unless there is fraud or corruption in the arbitrators. The arbitrators are judges of the parties’ own choosing ; and are in most respects treated as a court, so long as they keep within the limits of the power confided to them by the submission. I apprehend, however, it would be carrying the principle too far to say that their decision shall be conclusive upon the party who has never had a chance to be heard before them upon the subject of the submission. This, it appears to me, would be giving to an ex parte award a greater effect than is by law given to the judgment of an inferior court; the proceedings of which court are void if they have been entirely ex parte and without giving to the party against whom the judgment was rendered a chance to be heard in opposition thereto. What is a reasonable notice of the time and place of hearing, upon a submission [ *632 ] to arbitration, must of course be left to the discretion of the' *arbitrator. And if he acts in good faith in- reference to that ques *632 tion, he acts within the authority of the submission ; and his award will be valid at law, although he actually mistakes the true rule as to what was a reasonable notice. But I apprehend that, as' a fundamental rule of construction in reference to every transaction in the nature of a judicial proceeding, the contract of submission necessarily implies that the arbitrator is nob authorized or empowered to decide the question in controversy without giving the parties an opportunity to be heard in relation thereto; unless by the terms of the submission the right of the party to be heard before the arbitrator is waived. If I am correct as to this principle, It necessarily follows that where the arbitrator proceeds entirely ex parte, without giving the party against whom the award is made, any notice of the proceedings on the submission, the award is without authority and void.
The only case I have been able to find in our own reports upon this point, is Peters v. Newkirk, 6 Cowen, 103, referred to in the opinion of the late Chief Justice Savage in the present case. There the supreme court of this state distinctly decided, that an appraisement which was to control the rights of parties, in the nature of an award, was a nullity, the appraisement having been made by the arbitrator to whom the parties had agreed to submit the question, on the ex farte application of one party only, and without any notice whatever to the other party, who was not present. In Lutz v. Linthicum, 8 Peters' R. 178, Mr. Justice Story, in reference to such a proceeding, says that without question due notice should be given to the parties of the time and place of hearing; and if the award was made without such notice it ought, upon the plainest principles of justice, to be set aside.
Neither is it of any importance in such a case, that the arbitrator who has condemned one of the parties unheard, did not intend to act corruptly, but merely mistook his duty in that respect; for the want of an opportunity to be heard goes directly to the authority of the arbitrator to make an award. Thus, in the case of Sharp v. Bickerdike, 3 Dow's *Parl. R. 102, [ *633 ] which came before the house of lords upon an appeal from Scotland, the decision of the court below was reversed, because it sustained the award of an arbitrator which had been made without hearing of the party against whom it was made ; although there was no fraud or corruption on the part of the arbitrator, who had acted on the supposition that such party had consented to waive the right to be heard. In that case the respondent’s counsel relied upon an act of sederunt, which declared in express terms, that no award should be set aside, at the instance of either party, for any cause or reason whatever, unless it was for bribery, falsehood or corruption, to be alleged against the arbitrators. Acts of Seredunt, 1695, § 25. But Lord Eldon, in reference to that objection, said, that by the great principle of eternal justice, which wáS’prior to the act of sederunt, it was impossible that an award could stand where the arbitrator heard the one party and refused to hear the other. That upon this great principle, even if the *633 arbitrator decided rightly he had not decided justly ; and therefore the award could not stand. In conformity with this decision of Lord Eldon, the lords of counsel and of session, in the case of McPherson v. Ross, 9 Shaw & Dunl. Sess. Cas. 797, afterwards held that it was not necessary to aver corruption on the part of the arbitrator, to invalidate the award, where he had decided the case submitted to him without hearing one of the parties.
If the principle contained in these decisions is correct, and I think no one who rightly understands the nature of judicial proceedings as they should be conducted can doubt on that point, why should the party against whom the award is made be compelled to go into a court of chancery for relief, instead of defending himself against the void award in the action brought thereon in a court of law ? The validity of the award - in such case is a purely legal question, proceeding upon the ground that it was not within the power of the arbitrator to make an award without hearing of the parties, and I am of opinion that the defendant had a right to set up this objection to the award in the court of law ; although perhaps the court of chancery, [ *634 ] upon the authority *of some of the cases cited on the argument, might have had concurrent jurisdiction.
Here it was distinctly averred in one of the pleas, that the umpire did nob appoint any time for hearing of Taylor or of his witnesses, or proofs touching the matters referred, or for proceeding in the arbitration ; and that the award was made without the umpire’s having heard or examined any witnesses or proofs on behalf of Taylor, and without having given him any opportunity of producing witnesses or proofs, or of observing upon the plaintiff’s witnesses and proofs. The jury found the issue joined upon this plea in favor of the defendant in the court below ; and it also appears by the bill of exceptions that the original arbitrators never proceeded in the arbitration so as to be able to give the umpire any information to guide or control his judgment.
For this reason I think the judgment should have been given for the defendant in the court below, upon the verdict on this issue ; and that the judgment of the supreme court should be reversed.
The judgment of the supreme court was accordingly reversed, 18 members of the court voting for a reversal.