## FINLEY AND OTHERS vs. FINLEY.

1. In an action on an award, it is only necessary for the plaintiff to set out so much of the award as shews his right to recover. If there be any matter in the award constituting a defence, it must be set up by plea.

2. An award made under a common law reference can not, in an action at law, be resisted on the ground of unfairness in obtaining the award, or for errors of judgment in the referees. It can only be set aside in equity.

### APPEAL from Saline Circuit Court.

HAYDEN, *for Appellants, insists:*

1. That the award upon which the action of the plaintiff is founded, is void for the following reasons:

1st. Because the said Wallace, Miller and Williams exceeded their authority in making the same.

2nd. That if they had authority to make the same under the bond of submission, the same is too vague and uncertain to be binding on the part of the appellants, because the same does not shew with sufficient certainty the acts required to be done on the part of the appellee, *as an equivalent or consideration* for the money which is thereby required to be paid by the appellants to the appellee. 11 East. Rep., 192, Fisher vs. Pimbly; 16 John. Rep., 130-1, McComb & Buck vs. Wilber; Bac. Ab., Wilson's ed., 216; 2 Caine's Rep., 235, Schuyler vs. Vanderveer; 5 East Rep., 139; Poph., 134; Croke James, 149; Willis, 62; Candler vs. Fuller, ib , 66; 6 Pickering, 275.

2. That all and every of the counts in the plaintiff's declaration, original and amended, are insufficient in law, and that the same should have been so adjudged by the Circuit Court upon the hearing of the demurrers thereto—among other reasons, for that in no one count does the plaintiff aver or show that he, *on his part,* did perform or offer to perform what is and was required of him to be done and performed by the award, at any time prior to the commencement of this suit, notwithstanding the acts to be done by the parties, were to be performed concurrently, as is manifest from a *fair interpretation* of the award. 1 Chitty, 358-9; 7 Term Rep., 129, 130; Salk., 113; Salk., 623, Lancashire vs. Killingworth; Kingston vs. Preston, Doug.; 3 East., 688; 4 Term R.; 761-2-3-4, Goodison vs. Nunn; 8 Term Rep., 366-7; ib., 375, Glazebrook vs. Woodson.

3. That the pleas of defendants (appellants) which were adjudged bad upon the demurrer of plaintiff below, were good pleas, and should have been so adjudged by the court.

4. That the Circuit Court erred in permitting the said bond of arbitration, as well as the said award, to be read in evidence by the plaintiff.

1st. The bond was inadmissible as evidence upon the issue joined upon the third count in the amended declaration, (and which was the only issue joined,) because there is nothing in that count stated which *it, as evidence,* conduced to prove.

2nd. The award was inadmissible *as evidence* of a debt demanded by this count, because not made pursuant to any authority given by the parties to the arbitrators to make the same, and therefore void; and because the same is not warranted as evidence upon the issue made, and the award ought not to have been read in connection with the bond of arbitration *as evidence* of a debt due from defendant to the plaintiffs, because the award for its legal validity as evidence depended upon the bond of arbitration, and by this bond the award should have been made (if at all) for the payment of the $580, in cash or cash *paper*—so. that the proof so offered conduced to shew that the plaintiff had not a right to recover *absolutely* what is demanded by the count, but upon *condition only,* and therefore the proof does not correspond with the allegations in the count.

## STUART & MILLER, *for Appellee, insist:*

1. That the court did not err in permitting the amendment to be made at the return term to plaintiff's declaration, by the addition of the name of Thomas Finley as a defendant. The defendants who had been served with process could not be injured by adding another at the return term, as they were not surprised thereby upon the trial. They were not injured by adding another, as it lessened their responsibility to plaintiff—and the objection was not such an one as *they* could properly urge. If any could object, it was the defendant who was thus brought in; but he was regularly before the court by its summons, and none of the defendants were prevented from making any defence they might think proper. See the following authorities:—8 Metcalfe, 352; 5 ib. 8; 2 Iredell, N. C., 344.

2. The court very properly sustained the demurrer to defendants' 6th and 7th amended or additional pleas.

3. The court very properly overruled the objection to the reading of the bond of submission, and very properly allowed the plaintiff to read the award in evidence.

*Finley, et al,* vs. *Finley.*

The court-very properly refused the defendants' instructions.

As to 1st and 3rd instructions, see 3 Metcalfe, 578; as to 2nd instruction, see 1 Chitty'' Pl., 48; 19 Wend., 289; as to 4th instruction, see 22 Wend., 126; 1 Pirtle, title "Arbitration and Awards," sec. 21, and authorities there cited. 2 John., 103.

The court very properly struck out the 2nd plea of defendant, being a special plea not verified by affidavit. Acts of 1842-3, p. 106,sec. 8.

McBRIDE, J., *delivered the opinion of the Court.*

Eli Finley brought his action of debt, on an award, against the other distributees of the estate of Dabney Finley, deceased, in the Circuit Court of Saline county, where he obtained a verdict and judgment, when the defendants moved for a new trial, which being refused, they excepted and appealed to this Court.

The original declaration contained three counts, to which three other counts were subsequently added by way of amendment. Several pleas were filed to both declarations, as also a demurrer, as well as a demurrer to some of the pleas. It will not be necessary to notice part of the pleadings in the cause, inasmuch as all the counts in the declaration were adjudged bad, except the last, to which the demurrer was overruled.

The last count of the amended declaration sets out substantially the agreement between the parties to submit the matters in dispute between them to arbitration, and makes profert of the agreement entered into by them for that purpose. It then alledges the appointment, by mutual consent, of the arbitrators, who took upon themselves the discharge of the duties confided to them, who, after hearing the evidence adduced by the parties, made an award in writing, signed, &c., and ready to be delivered, &c., by which it was awarded ( among other things ) that the defendants should pay the plaintiff the sum of $580; that the defendants ratified and consented to the award thus made, &c , whereby an action hath accrued, &c.

The defendants craved oyer of the article of agreement referred to in the declaration, set the same out, and demurred to the declaration. The ground of demurrer, as stated in argument, is, that the award of the arbitrators imposes duties upon each of the parties to be performed concurrently, and therefore the plaintiff should have averred performance, or a readiness to perform, on his part, prior to the bringing of the action. We cannot perceive what light is cast on this question by setting out, on oyer, the agreement between the parties to arbitrate their matters of difference. It is most probably an error committed in making out the re-

cord, by inserting the agreement instead of the award by the referees. The error is not, however, very material, as a kindred question arises on the subsequent pleadings. We shall therefore hold the third count as being good.

Of the eight pleas filed by the defendant, six may be regarded as intended to answer the third count in the declaration, as follows: 1. *Nil debit.* 2. The arbitrators were not mutually chosen by the parties. 3. No award was made by the arbitrators. 6. The plaintiff did not perform the award on his part. 7. The arbitrators did not proceed in accordance with law, &c. 8. The administrator of Dabney Finley satisfied the award, &c.

Issues were framed upon the 1st, 2nd, 3rd and 8th pleas, and demurrers were filed to the 6th and 7th, which were sustained, the pleas being adjudged defective.

Before noticing the questions presented by the two pleas which the Circuit Court held to be bad, we will make a remark on the point intended to be presented by the demurrer to the third count of the declaration, so that the defendants may lose nothing by a defect in the record.

They assume to place awards on the same footing with specialties, and maintain that as the award in this case imposes certain duties on the plaintiff, therefore the performance on his part became a condition precedent, and before he shows himself entitled to recover of the defendants, he must aver a performance on his part of the duty imposed upon him by the award. But the award is not a specialty, nor is the declaration drawn upon it subject to the same principles of pleading. It is only necessary, in an action on an award, for the plaintiff to state so much of the award as will show his right to recover; he is not required to set out anything imposed upon him by the terms of the award, and not being required to s'ate it, it is not incumbent on him to aver performance of that which he is not required to state. If there be any matters in the award beneficial to the defendant, these the defendant must plead, to entitle himself thereto. 1 Burr, 280-1-2; 2 Saund., 62, b. 5; ib. 66, b. 5; 1 Salk., 72.

When the duties imposed by the award are concurrent, a suit may be maintained, notwithstanding, by either party against the other for a breach, without performance or a tender thereof by the party suing, un-less the *performance* by him, and not his *obligation to perform*, be the consideration of the defendant's liability, or unless the acts to be done are mutual and dependent, then the party complaining must aver either

performance or an offer on his part to perform. 1 Chitty's Pl., 297-8, 310.

Whether the court below decided correctly in sustaining the demurrer to the sixth plea, will depend upon a proper construction of the award. It is in the following words:—"We, the undersigned arbitrators, being called upon by Eli Finley, on the first part, and the balance heirs of Dabney Finley, deceased, of the other part, to say how much the said Eli Finley had received of the said Dabney Finley, in his lifetime, which really ought to be charged to said Eli Finley, as heir in the distribution of said Dabney Finley's estate, on a full investigation of the case, after all the testimony adduced, with all the papers relative to the matter, we cannot find said Eli Finley chargeable with more than $1020, and that the said Eli Finley return to the estate of Dabney Finley, deceased, the quarter section of land charged to him by the said Dabney Finley, together with bond on E. B. Harrison and E. J. B. Harrison, and the receipt on Underwood dated 4th Feb'y, 1835, and that said Eli Finley sign over to said estate the bond on the Harrisons, without redress on him, the said Eli Finley—and the balance of the legatees is to make up to said Eli Finley the sum of $580. This sum, added to $1020, will make the $1600, as contemplated by the will of Dabney Finley. Given under our hands," &c.

From the award, it is seen that the duties imposed upon the parties respectively are independent and unconditional. It is not provided that when the plaintiff conveys the land, assigns the note and delivers up the receipt on Underwood, that then the defendants shall pay or make up to him the sum of $580. These duties are imposed upon him, and if he fail to fulfill them, he will be liable to an action. It is not his *performance*, (in the language of Chitty heretofore referred to) but his *obligation to perform*, which renders the defendants liable to an action. Under this construction of the award, the plea did not present a bar to the plaintiff's right of recovery, and the court did not err in sustaining the demurrer to it.

The seventh plea attempts to nullify the award, on the ground that the arbitrators did not proceed in the hearing and determination of the cause, according to equity and law. The reference in this case was not made under our statute, which prescribes two modes of settling existing difficulties between parties by arbitration. The first is where the parties by written agreement refer the matter in dispute between them to referees whose award is to be entered as the judgment of a court; and the second, where the court by its order refers a case pending before it to arbitra-

tion. It is a common law reference, a reference of existing difficulties between the parties to a forum of their own selection, and must therefore be subjected to common law principles. In an action at law, it is well settled, that an award cannot be impeached for errors of the kind complained of, nor even for unfairness in obtaining the award. The party complaining must resort to a court of equity, to set the award aside. 3 Monroe, 439; 1 Saund., 326; 2 Wil. 148. The demurrer was therefore rightfully sustained to the seventh plea.

Several instructions were asked, involving minor points, which were refused; also other instructions raising the questions which we have noticed, which were likewise refused, and, we think, correctly.

Wherefore, we are of opinion the judgment of the Circuit Court should be affirmed, and Judge NAPTON concurring herein, the same is affirmed.

SCOTT, *Judge*.

I do not concur in affirming the judgment. In awarding that the defendants below should pay to the plaintiff cash only, the arbitrators departed from the terms of the submission, and consequently their award is void.