### JOHN. GAFFY vs. THE HARTFORD BRIDGE COMPANY.

A submission to arbitration provided that each party should choose one referee, and in case they did not agree the two referees to choose a third one, and that the parties should be heard before said referees. Held that the third referee was a joint arbitrator and not an umpire.

It is the duty of an umpire to give notice to the parties and hear their evidence, unless there is an express provision to the contrary in the submission, or the parties have so agreed.

ASSUMPSIT upon an award; brought to the Court of Common Pleas of Hartford County, and tried to the court on the general issue before *Briscoe, J.* Facts found and judgment rendered for the defendants, and motion in error by the plaintiff. The case is sufficiently stated in the opinion.

*Cole,* for the plaintiff.

*Hubbard,* for the defendants.

CARPENTER, J. This action is assumpsit on a submission and award. The submission was in writing, referring the matter in dispute to two referees, with power, in case of disagreement, to appoint a third. They heard the parties in March, 1873, and did not agree upon an award. In February, 1874, they appointed a third person, who, without notice to the defendants, and without their knowledge, after conferring with the other arbitrators, published an award as sole arbitrator. The Court of Common Pleas rendered judgment for the defendants, and the plaintiff brings the record before this court by a motion in error.

Two questions arise:

1st.   Was the third person a third arbitrator or an umpire?

2d.   If an umpire, was he justified in proceeding to publish an award without hearing the parties, and without notice to them?

In respect to the first, we are clearly of the opinion that he was not an umpire, but an arbitrator.

The language of the submission is, that the parties "will leave the subject matter out to arbitration, Mr. Gaffy choosing one referee, and the Bridge Company one, and in case they do not agree, then the said referees to choose a third one, and the parties are to appear before said referees, &c." The parties further agree to "abide by the decision of the referees, and that their finding shall be final and not appealed from, &c." There is nothing in the submission to indicate that the parties intended that one should decide it, under any circumstances, as sole arbitrator. In *Lyon* v. *Blossom,* 4 Duer, 328,

the court say:—"The law is well settled that the power to appoint an umpire must be given in express words, and that when the power given to two arbitrators in the event of their disagreement to select a third person is expressed in general words, the person so appointed is a joint arbitrator and not a sole umpire." If this is good law, and we think it is, it is decisive of this question." As one only of the three arbitrators signed the award it is a nullity.

The point already considered disposes of the case. If we entertained any doubt in respect to the second question, we should reserve it for future consideration. But as that point has been fully discussed, has been considered by us, and is free from difficulty, we think we ought to dispose of it.

If by any interpretation the arbitrator who signed the award can be regarded as an umpire, still the plaintiff must fail. It was nearly a year after the hearing by the two referees before the third was appointed. The defendants had no notice of his appointment, or that any further action was being taken, until the publication of the award. They not only were not heard by the trier, but they had no opportunity to be heard.

That it was his duty to hear them, unless such hearing was waived, there can be no doubt. The rule applicable to an umpire, as it now prevails in England, is laid down by Mr. Russell in his work on Arbitrations, 3d edition, p. 230, as follows:—"He must examine such witnesses as the parties choose to produce, and as to such points as they choose to raise, although the same witnesses have been examined to the same points before the arbitrators. He may not take the evidence, or any part of it, from the notes of the arbitrators, unless there be a special provision in the submission, or a clear agreement between the parties permitting such a course." In *Morse on Arbitration and Award,* p. 247, the rule is thus stated:—"But it cannot be doubted that if a party requests the umpire to hear him and examine his witnesses, he is entitled to have his request granted. Whence it follows that he is entitled to such notice of the time and place, when and where the umpire will act, as will enable him to prefer this

VOL. XLII.—19

request if he wishes to." The rule as thus stated is a reasonable one, and we think it is the law of this state.

A waiver has sometimes been inferred from slight circumstances; but in the present case there is no ground for supposing that the defendants intended to relinquish their rights.

There is no error in the judgment.

In this opinion the other judges concurred; except PHELPS, J., who did not sit in the case.