MAX ALEXANDER *et al.*

*v.*

JAMES A. CUNNINGHAM.

*Filed at Ottawa November 17, 1884.*

1. ARBITRATION AND AWARD—*submission to two arbitrators, and disagreement—necessity of a new hearing on selection of a third arbitrator.* Where a controversy is submitted to two arbitrators, under an agreement for the selection of a third one in case the two are unable to agree, and after a hearing and disagreement the two first appointed select a third man, an award made by two of them without giving the party against whom it is rendered an opportunity of being heard, is void, and no recovery can be had upon it.

2.  SAME—*waiver of right to hearing—presumption.* Where an umpire or third party is, by agreement, called by two arbitrators upon their being unable to agree, in the absence of evidence to the contrary it will not be presumed that the parties have waived the right of being heard and giving evidence before any award is made. The proof of a waiver of such right must be distinct and unequivocal.

3.  SAME—*defence in suit on award that the award was made without an opportunity to be heard.* Where matters in dispute were submitted to two arbitrators, under a written agreement that they might call in a third party if they failed to agree, and they did call in a third party, and two of the three made an award, in an action of assumpsit upon the award the defendant pleaded that after the third party was called in to participate in the decision, they, or either of them, never appointed any time for hearing the defendant or his witnesses, or proofs touching the matters referred to them, nor did they afford the defendant any opportunity to be heard, and that the third man so selected signed the award without hearing the defendant or hearing any evidence:. *Held,* no error in overruling a demurrer to the same.

4.  PRACTICE—*directing the jury as to character of their verdict.* Where there is no evidence tending to prove a material issue of fact on the part of the plaintiff the proof of which is essential to his right to recover, the court may so instruct the jury, and direct a finding for the defendant.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Messrs. MOSES & NEWMAN, for the appellants, contended that an award by an umpire without any further hearing is good, unless the parties inform him that they desire to be heard before he decides. On this head counsel cited and commented on *Ingraham* v. *Whitmore,* 75 Ill. 14; *Haven* v. *Winnisimet Co.* 11 Allen, 384; *Elmendorf* v. *Harris,* 23 Wend. 628; *Lutz* v. *Linthicum,* 8 Pet. 165; *Daniel* v. *Daniel,* 6 Dana, 93; *Small* v. *Courtney,* 1 Brev. 205; *Thornton* v. *Chapman,* 2 Cranch's C. C. 244; *Walker* v. *Walker,* 28 Ga. 140; *Falconer* v. *Montgomery,* 4 Dall. 232; *Hall* v. *Lawrence,* 4 T. R. 589; *Passmore* v. *Petit,* 4 Dall. 271; *Graham* v. *Graham,* 9 Pa. St. 254; 12 id. 128; *Gratz* v. *Phillips,* 2 Pa. 410; *Kile* v. *Chapin,* 9 Ind. 150; *Finney* v. *Miller,* 1 Bailey, 82; *Sharp* v.

*Lipsey,* 2 id. 113; *McHugh* v. *Peck,* 29 Texas, 149; *Jenkins* v. *Meagher,* 46 Miss. 95.

Counsel also contended, first, that a third arbitrator is not an umpire; second, there need not necessarily be a rehearing before the third arbitrator, unless the submission of the parties specially require it; third, the right, if it exists, may be waived by the conduct of the parties, and such conduct after the award may illustrate prior conduct; and fourth, even in case of umpirage a rehearing is not absolutely necessary,— citing *Ranney* v. *Edwards,* 17 Conn. 319, and *Day* v. *Hammond,* 57 N. Y. 479, as to waiver.

Messrs. FLOWER, REMY & GREGORY, for the appellee:

Notice to the parties in interest, of the hearing, is necessary to the validity of an award. Caldwell on Arbitration, 118; *Webber* v. *Ives,* 1 Tyler, 441; *Peters* v. *Newkirk,* 6 Cow. 103; *Crowell* v. *Davis,* 12 Metc. 293; *Rigden* v. *Martin,* 6 H. & J. 403; *Dormoy* v. *Knower,* 55 Iowa, 722; *Wheaton* v. *Crane,* 27 N. J. Eq. 368; *Thomas* v. *Railroad Co.* 9 C. E. Greene, 567; 6 id. 205; 8 id. 431.

Notice is necessary of the selection of an umpire or third arbitrator, and of the time of the hearing before him. *Graham* v. *Graham,* 9 Barr, 255; *Lutz* v. *Linthicum,* 8 Pet. 178; *Haven* v. *Winnisimet Co.* 11 Allen, 384; *Ingraham* v. *Whitmore,* 75 Ill. 24.

There is no distinction in this respect between an umpire and a third arbitrator. *Day* v. *Hammond,* 57 N. Y. 479; *Lyon* v. *Blossom,* 4 Duer, 318; *In re Jenkins,* 1 Dowl. N. S. 276; *Salkeld* v. *Slater,* 12 Ad. & Ellis, 767; *Elmendorf* v. *Harris,* 23 Wend. 628; *Bulson* v. *Lohnas,* 29 N. Y. 291.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action of assumpsit upon an award. The agreement of submission is as follows:

33—111 ILL.

"CHICAGO, *March 27, 1883.*

"We, the undersigned, having a controversy regarding the purchase and sale of glucose, having agreed to submit the same to the arbitration of Messrs. Newton Goodwin and P. B. Veiller, (who are authorized to call in a third party in the event of their failure to agree,) do hereby bind ourselves to accept and abide by the decision of a majority of the arbitrators hereto."

Goodwin and Veiller entered upon their duties as arbitrators. The parties were present, and gave evidence as far as they desired to be heard, and this was taken down by Veiller; but Goodwin and Veiller being unable to agree, they, in accordance with the agreement of submission, called in Graeme Stewart as a third party. A majority of the arbitrators then proceeded to make the award, to recover the amount for which this suit is brought. Appellee had no notice that Stewart had been so called in until he received a copy of the award, signed by Goodwin and Stewart.

The general issue and the following special plea were pleaded: It is alleged in the special plea that plaintiffs ought not to maintain their aforesaid action, because he says that after said arbitrators, Newton Goodwin and P. B. Veiller, called in said Graeme Stewart as a third party to participate in the decision of the matters in arbitration between said plaintiffs and defendant, said Goodwin, Veiller and Stewart did not, nor did either of them, nor did any one of them, ever appoint any time for hearing said defendant or his witnesses, or proofs touching the matters referred to them for arbitration; nor did said arbitrators, Goodwin, Veiller and Stewart, or either or any of them, give to said defendant any opportunity to be heard, or to produce testimony before them, after said Stewart had been so called in by said Goodwin and Veiller to act with them in said arbitration, and that said award, in said third and fourth counts of said declaration set forth and

counted upon, was made by said Goodwin and the said Stewart, without the said Stewart having heard or examined any witnesses or proofs whatever on behalf of said defendant, and without having given said defendant any opportunity of producing any witnesses or proofs before said arbitrators, Goodwin and Veiller and said Stewart, after said Stewart had been so as aforesaid called in, and without any opportunity to said defendant of appearing before said arbitrators, Goodwin and Veiller and said Stewart, and observing upon the plaintiffs' witnesses or proofs, and·that said Stewart signed said award without ever hearing any testimony, proofs or witnesses whatever on behalf of defendant; and this the said defendant is ready to verify, etc. Appellants demurred generally and specially to this plea, but the court overruled the demurrer, and appellants thereupon traversed the allegations of the plea.

Upon the trial, the court, at the instance of appellee, instructed the jury as follows:

"The court instructs the jury, that as it appears by the undisputed evidence in this case on the part of the plaintiffs and defendant, that no notice was given to defendant of the appointment of the arbitrator Stewart until after the award was made, nor any notice of or opportunity for a hearing before the arbitrator given to said defendant after the appointment of said arbitrator Stewart, nor any actual hearing before him when the defendant was represented, and as there is no evidence whatever tending to sustain the attachment, therefore your verdict should be for the defendant on both issues, and you shall find the following verdict: 'We, the jury, find the issues in this cause for the defendant.' "

The jury returned a verdict in accordance with this instruction, and the court gave judgment upon the verdict. That judgment was affirmed on appeal to the Appellate Court for the First District, and this appeal is from that judgment.

The ruling of the circuit court in overruling the demurrer to the special plea, and in giving the instruction before set out, presents the only question of law for our consideration.

The ruling of the trial court is sustained by *Ingraham* v. *Whitmore*, 75 Ill. 24. In that case, Grannis and George, who had been selected arbitrators, with power to select a third in the event they disagreed, having failed to agree, chose Beckwith as umpire, and he proceeded to make an award without any previous notice of his selection having been given to the parties. It was held that this award was void, the court, among other things, saying: "The doctrine is well established, that where an arbitrator proceeds entirely *ex parte*, without giving the party against whom the award is made any notice of the proceeding under the submission, the award is void, and it is not necessary to show corruption on the part of the arbitrator. *Elmendorf* v. *Harris*, 23 Wend. 628, *Lutz* v. *Linthicum*, 8 Peters, 178, and authorities cited."

Counsel for appellants, however, contend that because in that case Beckwith was an umpire, while here there was a third arbitrator called in, the cases are not analogous. We are unable to concur in this view. The same necessity for notice and opportunity to be heard exists in the case of the calling in of a third arbitrator that exists in the case of the selection of an umpire. The difference is more in form than in substance. In effect, in either case, it is the decision of the party called in, whether he be known as umpire or third arbitrator, that determines the rights of the parties. In *Day* v. *Hammond*, 57 N. Y., at page 487, the court clearly points out that so far as affects the present question there is no distinction between an umpire and a third arbitrator. The court says: "In pure umpirage the decision, theoretically, rests solely with the umpire. In the case of a third arbitrator his opinion practically controls the decision. All the reasons requiring a new hearing in the one case demand it in the other. If it were right to invoke in *Elmendorf* v. *Harris*,

*supra,* 'the principles of eternal justice' to govern the case of umpirage, it is equally proper to invoke them in the case of a third arbitrator, whose vote is sure to prevail in case the original arbitrators continue to disagree, as it is to be presumed that they will.   *   *   *   In the case at bar there is no evidence of waiver of the right to a rehearing, and to a notice of it.   It is true that the submission provides, in case of disagreement between the two arbitrators, that a third person may be 'called in.'   The fair import of this language is, that he comes into the case like any other arbitrator, with the same powers and duties.   The interests of justice require that a party should not be deemed to have parted with so important and essential a right as that of having his case heard on slight evidence or on implication.   The proof of waiver should be distinct and unequivocal."

We do not deem it necessary to enter upon an examination of cases cited by counsel for appellants holding a rule different from that laid down in *Elmendorf* v. *Harris, supra.*   Very many and respectable courts have held that the objection of a want of notice in such cases can not be raised by plea in bar, but that it can only be urged by bill in equity or motion to set aside the award.   (See Freeman's notes to *Elmendorf* v. *Harris,* 35 Am. Dec. 591, *et seq.*)   But, as has been seen, this court, in *Ingraham* v. *Whitmore, supra,* is committed to the doctrine of *Elmendorf* v. *Harris,* which holds the award absolutely void where there is want of notice of hearing.

We perceive no cause to disagree with the Appellate Court in its rulings, and its judgment is therefore affirmed.

*Judgment affirmed.*