## Citizens Insurance Co., of Pittsburg, v. Hamilton.

1. *Arbitrators' Misconduct.*— Arbitrators duly chosen, having the matter in controversy under consideration, appointed a time and place to meet and hear evidence, etc., notified the parties, but did not themselves attend at said time and place. It appeared that on a day prior to the time set, one of the arbitrators, in the absence of the other and in the absence also of the party interested, made a partial investigation of the matter, and reported what information he had obtained in conversations with some parties having knowledge of the matter, and his conclusions to his co-arbitrator, upon which an award was rendered. In a suit to set aside the award *it was held* to be the imperative duty of the arbitrators to fix a time and place for a hearing, to give the parties notice thereof, and to hear them in the presence of each other and of all of the arbitrators, and not having done so, the award was properly declared void and set aside.

2. *Arbitrators—Practice.*—In acquiring information and knowledge upon which a conclusion is to be based, the arbitrators are required to act together.

3. *Costs in Equity Proceedings.*—The imposition of costs in chancery suits rests in the sound discretion of the court.

Memorandum.—Bill to set aside an award. Appeal from a decree rendered by the Circuit Court of Adams County; the Hon. Oscar P. Bonney, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed January 30, 1893.

The opinion of the court states the case.

### Appellant's Brief.

The parties had a right to make the agreement. They did make it, and in the absence of fraud, accident, or mis-

take, they must be bound by it.  May on Insurance, (3 Ed.), Sec. 493; Woods on Fire Insurance (2 Ed.), 1013; Scott v. Ardy, 5 House of Lords Cases 811, 10 Fed. Rep. 347; C. Taylor Gauche v. London & Lancaster Ins. Co., 11 Ins. Law Jour. 361; Yeomans v. Girard F. & M. Ins. Co., 5 Id. 85; Redd v. Wash. F. & M. Ins. Co., 138 Mass. 572; Queen Ins. Co. v. Young, 86 Ala. 425.

The Circuit Court erred in decreeing that the insurance company should pay one-half the costs, upon the dismissal of the bill.  The suit was commenced before the loss was due and payable and was therefore premature and should have been dismissed at complainant's costs.  May on Ins. (3d Ed.), Sec. 476; Woods on Fire Ins. (2d Ed.), Sec. 462; German American Ins. Co. v. Hocking, 8 Atl. Rep. (Pa.) 589.

R. W. BARGER attorney for appellant.

### APPELLEE'S BRIEF.

Each party has the right to be present at the examination made by the arbitrators, and it is the duty of the arbitrators to give both parties notice of the time and place of the hearing.  It is a fundamental principle in jurisprudence, that no transaction in the nature of a judicial proceeding shall stand if the party thereto has not had an opportunity to be heard.  The cases, therefore, agree in holding that whenever arbitrators fail to give this notice, their award will be a nullity.  As was well said by our Supreme Court in Ingraham v. Whitmore, 75 Ill. 24: "The doctrine is well established that where an arbitrator proceeds entirely *ex parte* without giving the party against whom the award is made, any notice of the proceedings under the submission, the award is void, and it is not necessary to show corruption on the part of the arbitrator."  Citing Elmendorf v. Harris, 25 Wend. (N. Y.) 693; Lutz v. Linthicum, 8 Pet. (U. S.) 178; see also to the same effect, Amer. & Eng. Enc. of Law, 685, and the numerous cases there cited.  Williams v. Schmidt, 54 Ill. 205; Alexander v. Cunningham, 111 Ill. 511; Morse

on Arb. & Awards, 117–118. In Emery v. Owings, 7 Gill. (Md.) 488, it was held that the party ought to have notice of the time of meeting, a position so strongly supported by common justice that it will seem not to require the aid of authorities. Justice Story in Lutz v. Linthicum, 8 Peters, 178, said: "Without question, due notice should be given to the parties of the time and place of hearing the cause, and if the award was made without such notice, it ought, upon the plainest principles of justice, to be set aside." See also, Curtis v. Sacramento, 28 Pac. Rep. 108, and cases there cited.

The mere fact that they drew wrong conclusions from true premises is not sufficient, for in the submission to them the parties agreed to abide their judgment on the matters submitted; but they did not agree to abide by conclusions drawn from facts materially different from those intended to be passed on. See also 1st Amer. and Eng. Ency. of Law, page 706, et seq.; 15 Id. 666; King v. Armstrong, 25 Ga. 264; Conger v. James, 2 Swan. (Tenn.) 213; Rogers v. Krueger, 7 John. 557; Barrows v. Sweet, 143 Mass. 316; Eisenmeyer v. Sauter, 77 Ill. 515; Williams v. Warren, 21 Ill. 541; Pritchard v. Daly, 73 Ill. 523.

Courts of equity will set aside awards on account of the fraud, partiality, corrupt or willful misconduct of the arbitrator in rendering the same. 1 Am. & Eng. Enc. of Law, p. 707, and cases cited.

Costs in chancery cases have always been held to be within the discretion of the court. Edward v. Pope, 3 Scam. 465; Barton v. Mosher, 62 Ill. 237. The court, undoubtedly, when it divided the costs, did so upon the assumption that neither of the parties was specially to blame for the mistake in the policy, and for the failure of the attempt at arbitration, and that therefore it would be equitable to make each party pay one-half of the costs.

CARTER, GOVERT & PAPE, attorneys for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

The appellee, Mrs. S. E. Hamilton, and the appellant company, being unable to agree as to the value of a building belonging to the former, which, while covered by a policy of insurance against loss by fire, issued by the appellant company, had been destroyed by fire, submitted their differences to Q. E. C. Kaemper and Joseph Buerkin, as arbitrators. These arbitrators rendered an award, fixing the value of the building at $695.24. This is a bill in chancery filed by Mrs. Hamilton to set aside the award and to reform the policy in respect of an error made in drafting it, and also praying for a decree against the appellant company for the amount of the loss by the fire. The alleged error in writing the policy was admitted by the appellant and no complaint is made by either party to the decree, so far as the reformation of the policy is concerned.

After a full hearing upon bill, answer, replication and proofs, the Circuit Court found that the arbitrators appointed a day for the examination of the site of the burned building and for hearing evidence as to its value, and notified Mrs. Hamilton thereof, but did not themselves attend at the time and place so named and that no hearing was at any time had. That on a day prior to the day appointed for a hearing, Buerkin, one of the arbitrators, visited the scene of the fire, and in the absence of Kaemper, the other arbitrator, and of Mrs. Hamilton, made an examination of the ruins of the building and had some casual conversation with persons living near there concerning the building, its dimensions, age and value, and reported the information thus obtained and his conclusions to his co-arbitrator, and that upon this alone the award was rendered. The court further found that the building was of much greater value than the amount fixed by the arbitrators and that the award was unjust to Mrs. Hamilton, the complainant.

Upon these findings a decree was rendered setting aside and vacating the award, but as it appeared that the bill had been filed before the time allowed by a clause of the policy for the payment of the loss, the court refused to decree payment thereof, but declared and established a right in com-

plainant to an action at law upon the policy without prejudice because of the agreement to submit the matter to arbitration. This is an appeal from that decree. We have examined the proofs and think the evidence amply supports the findings of the court.

The building was totally destroyed by fire and it was necessary to a proper discharge of their duties that the arbitrators should receive proofs as to its value. This being true, it was the imperative duty of the arbitrators to fix a time and place for a hearing, and to give the parties notice thereof, and to hear them in the presence of each other and of all the arbitrators. In acquiring information or knowledge upon which a conclusion was to be based, the arbitrators were required to act together. Not having so performed their duties, the award was properly declared void by the Circuit Court. Ingraham v. Whitmore, 75 Ill. 24; Alexander v. Cunningham, 111 Ill. 511; Vessel Owners, etc., v. Taylor, 126 Ill. 250; 1 Amer. and Eng. Ency. of Law, p. 683 and 685.

Complaint is made of the order of the court requiring that costs be paid, one half by the appellant and the other half by Mrs. Hamilton. The imposition of costs in chancery suits rests in the sound discretion of the court, and we think the appellant has no just ground of complaint as to exercise of the discretion in this case. It was insisting upon the validity of the award and upon all advantage and benefit arising therefrom. It resisted all efforts of the appellee, Mrs. Hamilton, to free herself from the effect of the award, and in this failed. As neither party seemed to be chargeable with wrongful intent or act in the erroneous action of the arbitrators, the court very properly adjudged that each party should bear an equal burden of costs.

The decree must be and is affirmed.