C. A. BRAY v. J. N. STAPLES et al.

(Filed 11 November, 1908).

1. Arbitration—Appointment of Third Arbitrator—Notice to Parties —Hearing—Invalid Award.

When parties submit a matter in controversy to the decision of two arbitrators, with power, in case of disagreement, to call in a third arbitrator, they must, in the absence of an agreement to the contrary, be notified of the appointment of the third arbitrator, the time and place of meeting to determine the controversy, with an opportunity to introduce their evidence and submit arguments as in the original hearing, and failure to give such notice and hear the testimony will invalidate the award at the instance of either party to the controversy.

2. Same—Instructions.

It appearing from the uncontradicted evidence that no notice was given of the selection of the third arbitrator, and that he heard no evidence or argument otherwise, than as repeated to him by the original arbitrators, his Honor correctly instructed the jury to answer the issue setting aside the award.

3. Same—Payment.

In this case, the part payment made by the original receiver, did not validate the award or prevent his successor from having it set aside.

ACTION tried before *Ferguson, J.,* and a jury, June Term, 1906, of GUILFORD.

The facts necessary to a disposition of this appeal are: In an action pending in the Superior Court of Guilford County, A. L. Brooks, Esq., was duly appointed receiver of the estate of B. F. Fisher, deceased. In the discharge of his duties, it became necessary for him to settle with the defendant, John N. Staples, a claim presented by said defendant against the estate of said Fisher, for professional services rendered said Fisher prior to his death. For the purpose of fixing the amount due said defendant, the receiver, with the assent of Mrs. Isabelle Fisher in her capacity of administratrix and individually, and said John N. Staples, entered into an agreement in writing to submit the question "as to the amount said Staples is entitled to as counsel for the said Fisher," in certain litigation referred to, "and as counsel for Isabelle Fisher and her children after the death of said Fisher," to Clement Manly, Esq., and Judge R. C. Strudwick, "and in the event the said Manly and Strudwick cannot agree upon the amount, they are empowered to choose a third arbitrator, and the award of a majority of them shall be the amount to which the said Staples shall be entitled." This agreement, bearing date April 12, 1906, is signed by the receiver, Colonel Staples, and by Mrs. Fisher. Pursuant to said agreement, the arbitrators met and heard testimony, examined papers, etc., submitted to them. One of them took notes of the evidence. After hearing the evidence and examining the papers, they failed to agree upon an award. Pursuant to the power conferred upon them they selected R. B. Reid, Esq., as "a third arbitrator." Mr. Reid met with other arbitrators at a time and place agreed upon. No notice was given the said receiver, Colonel Staples, or Mrs. Fisher of said meeting, or the time and place thereof. The two original arbitrators agreed that, as they had heard all of the evidence, they would state the same to Mr. Reid, in the presence of each other. This was done, and an award was concurred in by Mr. Manly and Mr. Reid, to which Judge Strudwick

declined to assent. The award fixing the amount to be paid Colonel Staples was drawn up and signed by Mr. Manly and Mr. Reid, 18 April, 1908. Mr. Brooks, the receiver, before receiving notice of the award, through his partner paid a portion of the amount awarded to be due Colonel Staples. The plaintiff was, by order of the Court, substituted as receiver in the place of Mr. Brooks, and brings this action to set aside the award for that no notice was given to the parties of the time and place of the meeting of the arbitrators, after the selection of Mr. Reid as third arbitrator, and that Mr. Reid did not hear the evidence upon which he joined in the award. Defendant Staples contended that the award was valid and, if not so, that it had been ratified by Brooks, receiver. The case was brought to trial and, upon the issue directed to the validity of the award, his Honor charged the jury that, if they believed the evidence, they should answer the issue "No," and as to the issue in regard to the alleged ratification, that Brooks, receiver, had no power after June Term, 1906, to ratify the award, and there was no evidence of any ratification. The jury answered the issue as instructed, and judgment was rendered setting aside and vacating the award. To all of which defendant Staples duly excepted. He asked the Court to instruct the jury, if they believed the evidence, to answer the issue "Yes." To the refusal to do so he excepted and appealed, assigning as error the refusal of the Court to instruct the jury as requested, and the instructions given.

*Stedman & Cook, Justice & Broadhurst* and *King & Kimball* for plaintiff.

*J. A. Barringer* and *Wm. P. Bynum* for defendant.

CONNOR, J., after stating the case: The right of the plaintiff to the relief demanded and the ruling of his Honor depend upon the answer to questions in regard to which there is no conflicting evidence. Does the failure of the arbitra-

tors to notify the parties of the appointment of Mr. Reid as
"third arbitrator," and of the time and place of their meeting
with him to finally hear and determine the matters submitted
to them, and the failure of Mr. Reid to hear the evidence
from the witnesses, invalidate the award? The question
does not appear to have been decided by this Court. In Rus-
sell on Arbitration, 3rd Ed., 320, cited with approval in
*Gaffy v. Bridge Co.,* 42 Conn., 143, it is said that it is the
duty of the umpire to re-examine such witnesses as the par-
ties choose to produce, and as to such points as they choose
to raise, although the same witnesses have been examined as
to the same points before the arbitrators. He may not take
the evidence, or any part of it, from the notes of the arbi-
trators, unless there be a special provision in the submission,
or a clear agreement between the parties permitting such a
course. In *Thomas v. R. R.,* 21 N. J., Eq., 567, it is said:
"When the new arbitrator was chosen the complainant had
the right to adduce additional testimony and additional argu-
ments and that, unless the right was clearly waived by their
agreement or conduct, notice of the appointment of a third
arbitrator, and opportunity to be heard, were essential pre-
liminaries to a valid award. This doctrine is founded in
natural justice and is not denied to be law." *Elemdorf v.
Harriss,* 23 Wend., 628, 35 Am. Dec., 587; *Alexander v.
Cunningham,* 111 Ill., 511; *Day v. Hammond,* 57 N. Y.,
479, 15 Am. Rep., 522, in which it is said: "Parties are
always entitled to a hearing before arbitrators, unless that
hearing is waived, and if an umpire or other arbitrator is
called in, in case of a disagreement, the same rule, as to a
right of hearing, applies. The waiver of the right must be
distinct and unequivocal." In a well considered opinion
reviewing the authorities, *Keith, P.,* says: "We deduce from
the authorities the general rule that when two arbitrators
who differ, have the power to appoint a third, who shall have
authority to decide between them, it is necessary to inform

the parties in interest of his appointment, give them a reasonable opportunity to produce evidence before them, touching the matters in controversy." *Coons v. Coons,* 69 Va., 434, 64 Am. St. Rep., 804. In 3 Cyc., 660, the editor says that, after a disagreement between the original arbitrators, the special arbitrator, acting with them or upon his sole responsibility, may proceed to a consideration of the case as presented by the original arbitrators and make an award thereon without hearing the evidence anew or additional evidence, unless such rehearing be specially requested by one of the parties or required by the terms of the submission, but he further says this rule does not apply unless the parties have been notified of the appointment of the special arbitrator or umpire, and of the proceedings by him, and have been accorded reasonable opportunity to make such demand. In the note he says: "In the absence of such notice and opportunity to be heard or to demand a re-hearing, no authority to proceed exists," citing numerous cases. Some distinction has been made between the duty and power of an umpire and a "third arbitrator." It is unnecessary to consider this question because Mr. Reid was, by the terms of the submission, made "third arbitrator" and comes clearly within the decisions cited. Whether the award may be attacked for failure to give the notice and hear the evidence by the third arbitrator, collaterally, or only by a direct proceeding to set it aside, is not presented upon this appeal. This is a direct proceeding for that purpose. It is insisted that, however the question may have been decided in other jurisdictions, this Court in *Zell v. Johnston,* 76 N. C., 302, held the award valid. In that case Judge Rodman puts the decision on the ground that, conceding the rule as to notice, when the parties have presented their claims and evidence, they are not entitled to notice of the time when the arbitrators will meet to consider and dispose of the case. He also says that the defendant clearly waived any other notice than he had. The

decision is not in conflict with the uniform current of decisions on the question in other jurisdictions.

His Honor's instruction on the first issue was clearly correct. We find no evidence of a ratification by the receiver, if it be conceded that he had the power to ratify, which is very doubtful. We concur with his Honor's instruction in that respect. It is conceded by all parties that the arbitrators, and each of them, acted in good faith and no suggestion is made to the contrary. They inadvertently overlooked the necessity of notifying the parties of Mr. Reid's appointment and the time and place of their meeting to determine the matter submitted to them. We think that their course in that respect was in accordance with the custom with us, but the uniform current of authority is that notice must be given of the selection of the third arbitrator or umpire, and that the rule is founded in wisdom. Its observance secures to the parties an opportunity to present their evidence and arguments to the final arbiter of their rights and tends to secure acquiescence in this mode of trial favored by the law, because it is inexpensive, expeditious and usually works substantial justice. The gentlemen who consented to act as "third arbitrators" were doubtless discharging "a friendly office," without compensation.

The judgment of his Honor, for the reasons assigned, was correct. The other exceptions in the record are immaterial in the view which we take of the case. Of course, the parties and their rights, in respect to the subject matter of the arbitration, are not affected by the award or the judgment setting it aside. They are relegated to their original status.

It may be well enough to say that the form of his Honor's instruction to the jury does not conform to many decisions of this Court, but as there was no contradictory testimony and no inference to be drawn from it, contrary to the legal conclusion stated by his Honor, no harm could come to defendant. The judgment must be

Affirmed.