FLAVEL B. TIFFANY, Respondent, v. W. H. COFFEY, Appellant.

Kansas City Court of Appeals, February 7, 1910.

1. **ARBITRATION AND AWARD: Notice: Action at Law.** An award made without notice to the parties is void; and that defense can be made to it in an action at law upon it, without first having it set aside on motion, or by bill in equity. [Finley v. Finley, 11 Mo. 624, considered and held not applicable.]

2. ————: **Umpire or Third Arbitrator: Notice.** And if the submission provides for a third man in case the two appointed cannot agree, and a hearing is had before the two, both parties appearing, and the two do not agree but call in a third, it is necessary that a new notice be given that the parties may have an opportunity to be heard before the third party.

3. ————: ————: **Notice Implied: Waiver.** Though the articles of submission do not provide for notice, it will be implied unless the articles show it was waived.

4. ————: ————: **Unanimous Award.** The fact that the award finally rendered was unanimous, will not render it valid.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

REVERSED.

*George W. Day* for appellant.

(1) Defendant's right to a hearing and to notice of the time and place thereof, although not expressed in the contract for arbitration, is implied. Dormoy v. Knower, 55 Iowa 722; Shively v. Knoblock, 8 Ind. App. 433; Curtis v. Sacramento, 64 Cal. 102; Peters v. Newkirk, 6 Cowen (N. Y.) 103; Slocum v. Damon, 1 Pinn. (Wis.) 520; Lutz v. Linthicum, 8 Pet. (U. S.) 178; Falconer v. Montgomery, 4 Dall. (Pa.) 232; Gaffey v. Hartford Bridge Co., 42 Conn. 143; Daniel v. Daniel, 6 Dana (Ky.) 93; Walker v. Walker, 28 Ga. 140; Wil-

liams v. Schmidt, 54 Ill. 205; Thomas v. Railroad, 24 N. J. Eq. 567; McKinney v. Page, 32 Me. 513; Shinnie v. Coil, 1 McCord (S. C. Eq.) 478, 482; McFarland v. Mathis, 10 Ark. 560; Hook v. Philbrick, 23 N. H. 288. (2) When the two arbitrators chosen by the parties, selected the third arbitrator, after the hearing before them, a new tribunal was created before which the parties were entitled to be heard and to have notice of the time and place of such hearing, as fully as before the original board. Day v. Hammond, 57 N. Y. 484; Ingraham v. Whitmore, 75 Ill. 24; Alexander v. Cunningham, 111 Ill. 511; Shively v. Knoblock, 8 Ind. App. 433; Walker v. Walker, 28 Ga. 140; Gaffey v. Bridge Co., 42 Conn. 143; Wood v. Helme, 14 R. I. 325; Frissell v. Fickes, 27 Mo. 557; Bowen v. Lazalere, 44 Mo. 383. (3) When the new tribunal proceeded to a hearing upon the evidence seen and heard by the two original arbitrators, as related by them, without notice to the parties, they exceeded their authority—express and implied—and their award, like the judgment of a court rendered without jurisdiction, was a nullity. Elmendorf v. Harris, 23 Wend. (N. Y.) 628; Coons v. Coons, 95 Va. 434; Graham v. Woodall, 86 Ala. 313; Shively v. Knoblock, 8 Ind. App. 433; Jordan v. Hyatt, 3 Barb. (N. Y.) 275; Wilson v. Boor, 40 Md. 483; Lyon v. Blossom, 4 Duer (N. Y.) 318; Passmore v. Pettit, 4 Dall. (Penn.) 271; Hardin v. Brown, 27 Ga. 314; McKinney v. Page, 32 Me. 513; Alexander v. Cunningham, 111 Ill. 511; Haven v. Winnisimet Co., 11 Allen 384. (4) Lack of authority in arbitrators may be shown in actions at law or equity to defeat their award. Elmendorf v. Harris, 23 Wend. (N. Y.) 628; Inslee v. Flagg, 26 N. J. L. 368; Ellison v. Weathers, 78 Mo. 115; Wolfe v. Hyatt, 76 Mo. 156; Hinckle v. Harris, 34 Mo. App. 223; Railway v. Reynolds, 89 Mo. 146. (5) The defense interposed was, also, constructive fraud of the arbitrators upon defendant, by their proceeding to an award without giving him the opportu-

nity to be heard. This defense is not now of strict equitable cognizance, but is entertained in courts of law. Walker v. Walker, 28 Ga. 140; Pitman v. Mining Co., 78 Mo. App. 438; Girard v. Car Wheel Co., 123 Mo. 358; Homuth v. Railway, 129 Mo. 646.

*House & Manard* for respondent.

ELLISON, J.—This is an action on a common law reference and award. Plaintiff and defendant own adjoining farms. The former claimed the latter's hogs had entered his fields and did him injury by destroying parts of his crop. Two arbitrators were agreed upon, it being stipulated that if they could not agree they were to select a third. They selected a third and an award of fifty dollars was made for plaintiff. Defendant refused to pay it and this suit followed before a justice of the peace, where plaintiff obtained judgment. On appeal to the circuit court he again had judgment, and defendant has brought the case here.

The record shows that the parties appeared before the two arbitrators and each presented his case. They then left and the arbitrators failed to agree upon an award and called in a third man. Afterwards, on the same day, the award sued upon was made and agreed to by all three of the arbitrators. But defendant was not notified of the appointment of the third man; nor did he receive any notice of a hearing before the third man; nor was he present at any hearing other than that held by the two; nor did the third man hear any evidence, his only information being what he obtained from the arbitrators.

It seems to be well established, upon the principle of natural justice, that an award made upon hearing had without notice to the parties, is invalid. Unanimity of opinion ends with that statement. For the courts are divided as to the extent of the invalidity, whether merely invalid or utterly void. Many respect-

able authorities, among them, Thorburn v. Barnes, L. R., 2 C. P. 384, hold that it is merely an irregularity and can only be annulled by motion to set it aside, or by a direct proceeding in equity to have it set aside. That is plaintiff's position.

Others declare it to be void, and that such defense can be made against it on an action at law brought to enforce it. [Elmendorf v. Harris, 23 Wend. 628; Jordan v. Hyatt, 3 Barb. 275; Day v. Hammond, 57 N. Y. 479; Wilson v. Boor, 40 Md. 483; Graham v. Woodall, 86 Ala. 313; Alexander v. Cunningham, 111 Ill. 511; Dormoy v. Knower, 55 Iowa. 722; Curtis v. City of Sacramento, 64 Cal. 102; Falconer v. Montgomery, 4 Dall. (Pa.) 232; Gaffy v. Bridge Co., 42 Conn. 143.] And that is the position taken by the defendant. It meets with our approval.

It is however claimed that here there was a hearing before two original arbitrators, both parties being present. But that will not do. If desired by either, the hearing should be by all of the arbitrators who take part in the decision. If not waived, there must be a hearing before the third man, whether he be called an umpire or third arbitrator. [Day v. Hammond, 57 N. Y. 479; Alexander v. Cunningham, 111 Ill. 511; Gaffy v. Bridge Co., 42 Conn. 143.] Instead of it not being necessary for the third man to hear the parties and their evidence in any instance, it would often be especially necessary for him to do so, since he is generally the determining factor in the award. We think it manifest that there should be notice of his selection so that the parties may ask, or waive, a further hearing.

It is said that the submission did not provide for notice or a hearing. This, however, will be implied. To arbitrate the difference between two or more disputants, from the very nature of the duty imposed, necessarily carries along with it the necessity of a hearing;

and this, in turn, carries along with it the necessity of notice in order that there may be a hearing.

It is suggested that in this case all three of the arbitrators finally joined in the award and that as there was a hearing before a majority, it is good. This cannot be allowed. It would subvert the object of such submissions. The parties have a right to the advantage of a proper conference of all the arbiters, that each may have the advantage of the judgment of the other. Such judgment cannot be properly formed except upon a legal hearing. Though a majority who have given a proper hearing may finally agree, such agreement may have been, presumably is, influenced by the third man. It seems to have been so in this case.

The ruling by the trial court that notwithstanding the infirmity in this award, it could not be attacked in an action at law upon the award and that the remedy in such cases was in equity to set it aside, was probably based on Finley v. Finley, 11 Mo. 624. But we do not think that case should be so construed. Like this, that case was a common law arbitration and the court, on this subject, only said that: "In an action at law, it is well settled that an award cannot be impeached for errors of the kind complained of, nor even for unfairness in obtaining the award." Turning to the errors complained of, which were stated in the seventh complaint, we find them to be as follows: "7.—The arbitrators did not proceed in accordance with law," etc. That is a very general statement and it by no means should be assumed that the particular in which the law was not followed consisted of so necessary a matter as notifying the parties. And neither should the expression of the court: "Nor even for unfairness in obtaining the award," be thought to refer to so vital a matter as notice, a requirement which is necessary to be filled in order that there may be authority to proceed at all. The word "unfairness," as used by the court, should be applied to innumerable derelictions of

comparative minor importance, amounting to irregu-
larities, rather than to that which lies at the founda-
tion of the proceedings.

The judgment is reversed. All concur.