S. A. STARR AND WIFE v. J. L. O'QUINN AND WIFE.

(Filed 29 September, 1920.)

**1. Arbitration—Notice—Evidence—Right of Party—Invalid Award.**

A party to an agreement to arbitrate a controversy wherein a third person shall be called in in case of disagreement of the two selected by the parties, is entitled to notice of the disagreement and the selection of the third person, and to introduce his evidence; and where he has been deprived of this right the award will be invalid.

**2. Same—Trial by Jury.**

When an arbitration has been entered upon by the parties to a controversy, and the award arrived at is declared invalid by the court, a party thereto may not rightfully demand that the matter be referred to the arbitrators for their action, or complain of the trial by jury.

**3. Same—Evidence—Declarations.**

A statement filed by a party before arbitrators as to the amount of his damages is but his own unsworn declaration or statement on a trial by jury, in the Superior Court, where the controversy is being tried after the award has been declared invalid, when offered as substantive evidence alone, and its admission as such is reversible error.

APPEAL by defendants from *Bond, J.,* at the May Term, 1920, of WAYNE.

The defendants leased to the plaintiffs, for five years, at a fixed rent of $660 a year, payable in monthly installments of $55 each, a lot in Goldsboro, N. C., on Ash Street and Carolina Avenue, on which was standing a greenhouse and other buildings and improvements. It was stipulated that upon six months notice from the defendants, the plaintiffs should vacate the premises and surrender them to defendants, the question of damages sustained by the plaintiffs to be determined by arbitration, each party to select one of the arbitrators, and in case of disagreement between them, the arbitrators, they to select a third person as an additional arbitrator. Notice to quit was given by the defendants, and plaintiffs surrendered the premises at the expiration of the six months. Arbitrators were selected by the parties, according to the terms of the contract, and proceeded to hear the parties and their witnesses, and to

assess the damages, but they disagreed. A third party was called in, but no notice of his appointment was given to the defendants, and no notice of the further proceedings. There is an allegation that the arbitrator selected by the defendants did not assent to his appointment. An award was made, and this action was brought to enforce it. At the trial the presiding judge held that the award was invalid, and proceeded, without apparent objection, to try the case by a jury upon the following issues, which were answered as stated:

"1. Is the alleged award referred to in the complaint in this cause valid and binding on the parties? Answer: 'No.'

"2. What damage, if any, are plaintiffs entitled to recover of defendants because of having to remove buildings and surrender possession of the land referred to in the complaint? Answer: '$2,152.' "

The defendants moved to set aside the award and recommit the case to the arbitrators, which motion was denied. Defendants excepted. They then moved to nonsuit at the close of plaintiffs' testimony, and at the close of all the testimony. This motion was also denied. Defendants excepted.

The plaintiffs were permitted, during the trial, over defendants' objection, to introduce in evidence a statement of his damages, which had been theretofore filed with the arbitrators, and in which he stated his damages to be, in his opinion, as much as $3,698. Defendants excepted.

The plaintiff testified: "I did not issue any papers to Mr. O'Quinn of the time and place of meeting of the arbitrators, and so far as I know he had no notice of it, and did not appear and give evidence. I filed with the arbitrators the statement handed to me."

The court instructed the jury to answer the first issue "No," and proceeded to charge the jury as to the damages.

The prayer of defendants' answer is as follows:

"1. That the award made by the arbitrators be set aside.

"2. That they be permitted to offer evidence and be given the opportunity to hear the evidence and contentions of the plaintiffs, and, after hearing the contentions of both parties, that a jury be allowed to pass upon the issue of damages.

"3. For the costs of this action, and for such other and further relief as to the court may seem just and proper."

*J. L. Barham and Dickinson & Land for plaintiffs.*
*J. M. Broughton for defendants.*

WALKER, J., after stating the case: The defendants were entitled to notice of the appointment of the third arbitrator, and the place where the case would again be heard, and to an opportunity for intro-

ducing testimony and being heard in the case. This is the accepted principle (*Bray v. Staples,* 149 N. C., 89), but it was not observed in the trial before the arbitrators. The judge, therefore, was right when he held the award to be invalid, and he was also right when he proceeded to try the case upon its merits with a jury, and refused to remand the case to the arbitrators. The defendants asked for a trial by jury in their answer, and, having assented to the same, they will not now be heard to claim that they were entitled to a trial by the arbitrators, taking thereby two chances for success in the case. This rule was clearly stated and applied in *Brown v. Chemical Co.,* 165 N. C., 421.

But we are of the opinion that the learned judge erred in admitting in evidence the statement of his damages filed by plaintiff with the arbitrators. It was not used to corroborate the witness, S. A. Starr, because he testified to nothing requiring corroboration, nor was it offered for any such purpose. The record merely shows that plaintiff offered the statement as substantive evidence of his damages, and defendants interposed an objection, which was overruled, and defendants excepted. It was not substantive evidence of the truth of its contents, but merely an unsworn declaration, or a statement of his damages, and it should not have been permitted to be introduced as evidence to establish the *quantum* of the plaintiffs' damages, it not being competent for that purpose.

This is sufficient to dispose of the appeal, and, therefore, we need not consider the other questions, and especially the one raised as to the rule for assessing plaintiffs' damages, as it may not be presented on the next trial in precisely the same form as it is now. If we should express our opinion concerning it, we may find hereafter that we were deciding hypothetically upon a very important question, and only have "our labor for our pains." We may refer, without expressing any opinion upon the matter, to *Sloan v. Hart,* 150 N. C., 269, where a somewhat similar question was discussed.

The case will be remanded with directions for a new trial because of the error indicated by us.

New trial.