## WIMBERLY vs. WIMBERLY.

[PETITION FOR SALE OF SLAVES FOR PARTITION.]

1. *Jurisdiction of probate court to order sale.*—Where slaves are bequeathed by a testator to his daughter, "for the use of said daughter and her children," the probate court has no jurisdiction under the act approved February 5, 1856, (Session Acts, 1855–6, p. 20,) to order a sale of the slaves for partition, on the application of the guardian of the children.

APPEAL from the Probate Court of Macon.

IN the matter of the petition of Lewis T. Wimberly, as the guardian of the several minor children of Samuel T. Wimberly, deceased, for the sale of certain slaves, in which, as he alleged, his wards had a joint interest with their mother, Mrs. Henrietta A. Wimberly, under the will of her deceased father, Guilford Alford. The will of said Alford was executed in Georgia, where he resided at the time of his death, and was there duly admitted to probate after his death. The 3d and 7th clauses of said testator's will were in the following words: "*Item* 3. I give and bequeath unto my daughter, Henrietta A. Wimberly, my three negro boys, Bob, Washington, and Isaac, called 'young Isaac;' also, a woman named Lucy, and a girl named Florida; for the use of said daughter and her children, free from the disposition of her present or future husband. I also con-

firm unto my said daughter the gift of six negroes, Joe and his wife, Patience, and their four children, heretofore made." "*Item* 7. I direct that my executor, hereinafter named, shall dispose of the residue of my property, including the negroes not bequeathed, and all the real and personal property that I may be possessed of at my death, using his own discretion as to disposing of the negroes and land at public or private sale; and the balance of my property, after the settlement of my debts and necessary expenditures, and after carrying out the provisions contained in the preceding items, I direct shall be equally divided among my four children." Mrs. Wimberly contested the petition, and interposed a demurrer to it, on the ground that the court had no jurisdiction, on the facts therein stated, to order a sale for partition. The probate court overruled the demurrer, and, on the proof adduced by the guardian, granted an order of sale; to which rulings and decisions Mrs. Wimberly reserved exceptions, and she now assigns the same as error.

CHILTON & YANCEY, N. S. GRAHAM, and MAYES & ABERCROMBIE, for the appellant.

CLOPTON & LIGON, *contra.*

STONE, J.—We think the probate court erred in entertaining jurisdiction of the case made by the petition shown in this case. The third clause of Mr. Alford's will, construed in connection with the seventh, vested the title of the slaves in controversy in Mrs. Wimberly, and does not confer such estate upon her and her children as can be partitioned under the statute.—Acts of 1855-6, page 20. What estate the children have under the will, or whether afterborn children, if such there be, will share in this bequest; we need not inquire, as the probate court has no jurisdiction of this trust estate.—See *McCroan v. Pope*, 17 Ala. 612; *Coleman v. Camp*, 36 Ala. 159; *Camp v. Coleman*, 36 Ala. 163; *Robertson & Pettibone v. Johnston*, 36 Ala. 197; *Walthall v. Wynne and Wife*, 37 Ala. 37; *Rugely &*

*Harrison v. Robinson*, 10 Ala. 702; *Nimmo v. Stewart*, 21 Ala. 682; *Hammond v. Nance*, 1 Swanst. 35; *Billingsley v. Harris*, 17 Ala. 214; *Gerald and Wife v. Bunkley, ib.* 170; Shep. Dig. 344.

Reversed and remanded.