## GUILFORD *vs.* MADDEN.

[PETITION TO PROBATE COURT BY A TENANT IN COMMON FOR THE SALE OF LAND.]

1. *Probate court, jurisdiction of to determine questions of title on application of joint owner or tenants in common, for sale of property, &c. ; how far extends.*—The probate court, on an application to sell lands for di-

Guilford v. Madden.

vision between joint owners or tenants in common, has not jurisdiction to determine complicated questions of law or fact respecting the title; but it may receive the ordinary evidence of title afforded by deeds of undisputed validity, when the applicant's title is simply denied.

APPEAL from Probate Court of Henry. Tried before Hon. J. B. APPLING.

THIS was a petition by the appellant for the sale of certain lands, mentioned therein, which the petition alleges are owned by the appellant and appellee as joint owners or tenants in common, each owning an undivided half interest therein, on the ground that " a fair, beneficial, and equitable division or partition of said lands," between appellants and appellee, " can not be made without a sale thereof."

The appellee denied that the petitioner was the legal owner of the interest claimed; and that the petitioner had ever been in possession of said lands, or in possession of such an interest therein as will authorize a sale for the purposes set forth in the application.

On the hearing of the petition, the appellee admitted that she was the owner in fee of one half interest in the lands; and thereupon the appellant offered in evidence, the following chain of title—1st, The original mortgage made by Michael Madden, the husband of appellee, conveying an undivided half interest in said lands, to J. W. Harper; 2d. A deed from Mary P. Harper, as executrix of said J. W. Harper, to Henry A. Young, reciting therein a sale under said mortgage, to Young, &c.; 3d. A conveyance from Young to the petitioner. All these deeds appeared in every respect regular on their face, and to have been duly executed, acknowledged, and recorded. The deed to Young by Mary P. Harper, the executrix, recites the mortgage and power of sale, &c., the death of the mortgagee, advertisement and sale under it by her, as executrix, in accordance with the requirements thereof (setting the requirements out, and how complied with) to the highest bidder, at public outcry, for cash; that the bid by Young was the highest and best bid; his payment of the purchase-money, and hence execution of deed to Young.

The appellee objected to the admission of these deeds, on the ground that no note or memorandum of the sale of said lands, under said mortgage, was made by the auctioneer, at the time of the sale, on the original mortgage, and because said original mortgage was not marked " satisfied." The court sustained the objection, and excluded the deeds, &c., and appellant excepted.

The appellant then offered the depositions of three witnesses, " to prove that they knew appellant and appellee as joint tenants or tenants in common of said lands, and that the lands could not be equitably divided without a sale thereof." The contestant objected, on the ground that titles to land could not be proved by parol proof. The court sustained the objection, excluded the depositions, and appellants excepted.· This being all the evidence, the court dismissed the petition and taxed the costs against the appellant.

J. A. CORBITT, for appellant.
MARTIN & SAYRE, contra.

[No briefs came into Reporter's hands.]

B. F. SAFFOLD, J.—The appellant applied to the probate court to sell for division a tract of land of which, as alleged, he and the appellee were joint owners or tenants in common. The appellee denied the petitioner's ownership and possession generally. On the hearing, the applicant offered in evidence to prove his title a mortgage from Michael Madden, the husband of the contestant, of an undivided half of the land to J. W. Harper, a deed from Mary P. Harper, as executrix of J. W. Harper, to Henry A Young, reciting a sale to Young under the mortgage, and· a conveyance from Young to the petitioner. This evidence was excluded by the court at the instance of the contestant, and the petition was dismissed. From this judgment the appeal is taken.

Section 3120 of the Revised Code authorizes the probate court to decree a sale of all property, whether real, personal or mixed, held by joint owners or tenants in com-

mon, when the same cannot be equitably divided between them. In exercising this power, the court has not jurisdiction to determine complicated questions of law or fact respecting the title to the property. But it may decide a question of title turning alone upon the interpretation of a deed of undisputed validity. In other words, it is obliged to receive the ordinary evidence of a claimant's right to his property, otherwise every proceeding of this sort would be defeated by a simple denial of his title on the part of the contestant.—*Horton v. Sledge*, 27 Ala. 478. The objection made by the contestant to the admission of these deeds was, that no note or memorandum of the sale under the mortgage was made by the auctioneer. The conveyances answered the demand of the statute of frauds. The depositions of the witnesses were admissible, and necessary to show that the land could not be equitably divided without a sale.

The judgment is reversed, and the cause remanded.