## Whitman *et al. v.* Reese *et al.*

### *Partition of Land.*

1. *In a proceeding for partition of land all persons interested should be made parties.*—If in a proceeding instituted in a court of probate for the partition of land, it should appear that all the persons interested in the property are not made parties before the court, it can properly revoke and annul the order for partition.

2. *Such a proceeding is summary, and an error will not take away jurisdiction which has attached.*—Such a proceeding is statutory and somewhat summary in its administration. It is instituted by petition, and when it contains all necessary averments of fact to give the court jurisdiction, any error committed afterwards does not affect the jurisdiction.

3. *The Probate Court has no jurisdiction of such a matter when an infant is interested.*—But if it shows that the land can not be equitably partitioned under the limited powers of a court of probate, then its jurisdiction never attaches; and if there be infants, or persons not made parties, whose interests are affected, the proceeding is *coram non judice,* and void.

APPEAL from the Court of Probate of Lowndes.
Tried before the Hon. J. V. McDUFFIE.
The facts are stated in the opinion.

CLEMENTS & ENOCHS, for appellant.—1. It is well settled that the Probate Court had no power to vacate and set aside an order after the adjournment of the term, unless the order· and decree were void.—40 Ala. 396; 14 Ala. 648; 18 Ala. 438; 16 Ala. 56.

2. The order of the 15th of October, 1876, is not void. The final order or decree of the Probate Court that had jurisdiction which was called into exercise by a petition containing all the necessary averments of facts, can not be void,

although it might be irregular and liable to be reversed and set aside on an appeal.—Code of 1876, § 3498; 53 Ala. 152; 52 Ala. 55, 291.

3. The evidence shows that at the time of filing the petition the interests of the several owners were as averred therein.

WILLIAMSON & COOK, for appellees.—1. The jurisdiction of the Probate Court to order the partition of land is confined to those cases in which there are no adverse claim or title.—Code, 1876, § 3512. There is certainly shown interests in the land adverse to the claim set up in the first paragraph of the petition, that the five persons there named are the only and equal owners.

2. This appears to be an attempt to divide the whole of the land into five equal shares, when the petition shows interests not brought before the court, and also that the interests are unequal. The evidence shows adverse claims existed in the estate of Augustus Reese, and that this estate has not been settled.

STONE, J.—The present was a proceeding in the Probate Court to obtain partition of lands, alleged to be held and owned by tenants in common. The petition avers that the lands are equally owned by five persons, and the partition was made between said five persons; the commissioners reporting the said five lots to be of equal value. The proceeding was instituted under the statute, commencing with section 3497 of the Code of 1876. Section 3498 declares that "The application must set forth the names of all the persons interested in the property, and their residence, the property sought to be divided or partitioned, the interest of each person in the same, the number of shares into which it is to be divided, and if the application be for a partition of land, a full and accurate description of such land."

The present is a statutory proceeding, somewhat summary in its administration. It is instituted by petition; and when such petition is filed, containing all necessary averments of fact to give the court jurisdiction, any error committed afterwards does not affect the jurisdiction of the court. It presents a question for review and reversal on appeal, but will not vacate the proceedings on a collateral attack.—*Fennell v. Tucker*, 49 Ala. 453; *Wimberly v. Wimberly*, 38 Ala. 40; *Guilford v. Madden*, 45 Ala. 290; 1 Brick. Dig. 939, §§ 351, 2, 3, 4, 5, 6. But if the petition shows there are interests in the land sought to be partitioned, not brought before the

court; or, if it shows that the lands can not be equitably partitioned under the limited powers of the Probate Court,. then the jurisdiction never does attach; and if there be infants, or persons not made parties, whose rights are affected, the proceedihg is *coram non judice* and void.

The petition sets forth that the lands of which partition is sought, were owned by nine named persons, acquired by inheritance; the five, charged to be the present owners, and other four, to-wit : Elizabeth H. Smyley, Perry Reese, Julia T. Robinson and Augustus Reese. It then avers that three of the nine, Elizabeth H. Perry and Julia T., sold and conveyed their interest to the remaining six, of whom Augustus Reese was one. This left the land in six equal tenants in common. ' The petition then avers that Augustus died, leaving no children or will, and that his estate has been ad-- ministered and settled up. The result of this was, to vest,. by descent, in each of his eight brothers and sisters, (there is no averment that any except Augustus have died,) an undivided eighth part of his undivided sixth. It is then averred that the interests of Perry Reese and of Julia T. Robinson in said Augustus' share, have been conveyed to Mary C. Whitman, Geogia Reese, Lula McCurdy and George M. Reese, four of the present professed owners, and leaving out Florence McCurdy, the other of the five. The petition avers that the five claimants are equal owners of the entire land, but this must be treated as the mere conclusion of the pleader. The facts averred show that two-eighths of the interest of Augustus Reese, which descended to Perry and Julia T. belong to four of the claimants, while Florence McCurdy has. no interest corresponding to this. It shows further that one eighth of the Augustus Reese interest is still in Elizabeth H.. Smyley, and she is not made a party to the proceeding. It is thus shown by the averments of the petition that all the · interests are not brought before the court, and that, according to the title shown, a fair and equitable partition of the · lands can not be made. The petition fails to make a case for Probate Court jurisdiction, and the Probate Court did not err in revoking and annulling the order for partition.—*Jones v. Brooks*, 30 Ala. 588.

If the facts of this case be such as to justify an amendment of the petition so as to give the court jurisdiction, that motion, if moved for in the Probate Court, should have been granted.—*Fennell v. Tucker, supra.* No motion is shown to. have been made therefor, and it is now too late.

Affirmed.