# Rice *v*. Drennen, Adm'r.

*Application in Probate Court for Decree of Sale of Decedent's Lands for Division.*

1. *Application for sale of decedent's lands; when plea to good.*—A plea interposed by one of the heirs to an application in the probate court by the administrator of a decedent's estate for an order to sell lands for division, denying all the allegations of the application, is good on demurrer; and a ruling of the court adjudging the plea bad is erroneous.

2. *Same; what can not be regarded as error without injury.*—Such ruling can not be regarded as error without injury, on the ground that the cause was afterwards tried upon its general merits, when it does not appear that the contestant offered any evidence; as this court can not know that he was not deterred therefrom by the erroneous ruling of the primary court.

3. *Same; what no answer to.*—It is no answer to such an application, that the heirs have agreed to dispense with an administration upon the estate, and have undertaken to deal with the lands as their own, even to the extent of creating a trust therein. If the case is one of impertinent or oppressive interference with the equitable rights of the heirs, they must seek relief in equity.

4. *Same; motion to revoke letters not pertinent to.*—To such an application, a motion by the heirs to revoke the letters of administration, is not pertinent; and, on the hearing of the application, such a motion can not be entertained.


APPEAL from Blount Probate Court.

Tried before Hon. J. W. MOORE.

This was an application by Charles Drennen, as the admintrator of the estate of James Rice, deceased, for the sale of designated lands, of which his intestate died seized and possessed, for division, and on the ground that the same could not be equitably divided among the heirs without a sale.    George R. Rice, one of the heirs, appeared on the day set for the hearing of the application, and contested it, filing three pleas thereto, which are as follows :    (1) A denial of "the matters and things stated and set up" in the application ; (2) "that the lands described in said petition are not lands belonging to said estate,

[Rice v. Drennen, Adm'r.]

and are not subject to administration and sale in this proceeding;" and (3) " that under and by virtue of a conveyance, or agreement in writing, made and entered into by and between the widow of said James Rice, deceased, and his heirs at law, on 6th day of September, 1875, it was agreed that the estate of the said James Rice, deceased, should be wound up without letters of administration, and that it was by said [parties] thereby agreed that said George Rice and E. J. Rice should proceed to sell the personal property and real estate of said estate, and settle all just demands against the estate of said decedent, and hold all the remainder of the proceeds subject to the support of the widow of said decedent; and thereby said widow relinquished her right of dower to the heirs, under and by virtue of said conveyance and agreement in writing; and, in consideration thereof, said George Rice and E. J. Rice entered upon, and begun the discharge of the trust thereby imposed and conferred, having given bond therefor, and so were, at the commencement of this administration, and are now discharging the same; that at the commencement of this administration, said lands were in the possession of said George and E. J. Rice thereunder, through tenants, and are so in possession now; that said George Rice and E. J. Rice have held and controlled said lands thereunder since the making of said conveyance or agreement; and that said George Rice and E. J. Rice, proceeding thereunder, sold the personal property of said decedent, and applied the proceeds thereof, as thereby directed, and paid all the debts existing against said estate; all being before this administration was commenced." As recited in the decree, pleas numbered one and two were "overruled by the court;" and a demurrer interposed by the administrator to the third plea, which is set out in the record, was sustained. It appears from the record that the said James Rice departed this life in 1875, intestate, and leaving him surviving a widow and several heirs, among whom were the said George R. Rice and E. J. Rice; that the said Drennen was appointed administrator on 1st December, 1882; and that he, at the time of his appointment, was interested in said land, having purchased the interests of the widow, Huldah Rice, and of one of the heirs, Mary Maroney. On the hearing, as shown by the bill of exceptions, "the said George Rice moved the court, upon the facts set out in his third plea in answer to said petition, with the additional fact, that both the persons under whom Charles Drennen claims to be interested in said estate or lands, and on account whereof he sought and obtained letters of administration on said estate, as shown in his petition for grant of letters, namely, Huldah Rice and Mary Maroney, joined in the execution of said conveyance, or instrument of writing, mentioned

[Rice v. Drennen, Adm'r.]

in said third plea, to set aside and vacate the order granting such letters, and to quash the proceedings thereunder; but the court overruled and refused said motion, and to this action of the court the defendant, George Rice, duly excepted." Exceptions were reserved to other rulings of the probate court, but as they are passed on by this court in a general way, they are not here set out.

The probate court granted the prayer of the application, and entered a decree for the sale of the lands described therein, from which this appeal was taken. The rulings above noted, among others, are here assigned as error.

HAMILL & DICKINSON, for appellant.

JNO. A. LUSK, contra.

SOMERVILLE, J.—The present proceeding is an application made by an administrator to the probate court, for the sale of lands belonging to the estate of a decedent, such sale being intended for distribution among the heirs. The jurisdiction is invoked under section 2449 of the present Code (1876), which provides that lands of an estate may be sold by order of the probate court, "when the same can not be equitably divided among the heirs or devisees."

The heirs appeared by attorney and contested the application by filing three pleas, objections to all of which seem to have been sustained by the court, although it does not clearly appear in what form they were presented by the petitioner. It is stated in the record that the first and second pleas were "overruled" by the court, and that a demurrer was sustained to the third plea.

We are unable to perceive upon what ground the first plea was adjudged bad. It was a general denial of all the allegations of the application, being tantamount, in legal effect, to the general issue in ordinary cases of pleading. The court erred in pronouncing it bad, in whatever form the objection to it may have been presented.

It is contended that this action of the court must be regarded as error without injury, as the case seems afterwards to have been tried upon its general merits. It does not appear, however, that the contestants offered any evidence in the cause whatever, and we can not know that they were not deterred from doing so by this erroneous ruling of the court. They had a right to suppose that, in as much as the plea had been pronounced bad, all evidence offered in support of it would have been excluded by the court on objection taken to it by the petitioner.

22

[Rice v. Drennen, Adm'r.]

The second and third pleas were both bad on demurrer. If the lands described in the petition belonged to the decedent at the time of his death, and the heirs acquired title from him by descent, or devise, it is no answer, at least in a court of *law*, to an application filed by the administrator, containing the necessary jurisdictional allegations, that the heirs have agreed to dispense with an administration, and have undertaken to deal with the lands as their own, even to the extent of creating a trust in them. It is true, that where the estate is one merely in trust, the probate court has no jurisdiction to order a sale of it for distribution.— *Wimberly v. Wimberly*, 38 Ala. 40. But it is no objection that the title of the decedent was equitable and not legal.—*Duval v. McLoskey*, 1 Ala. 708; 1 Brick. Dig. p. 440, § 174. So where the title held by the heirs is not the one which they acquired from the intestate or the testator by descent or devise, but has been derived from some other source, the court will not, on application by the executor or administrator, order a sale of the lands.—*McCain v. McCain*, 12 Ala. 510; *Johnson v. Collins*, *Ib.* 322; *Wharton v. Moragne*, 62 Ala. 201. It seems to us that it is no answer to the application, that the heirs have encumbered their title, or agreed between themselves to dispense with the machinery of an administration. The statute confers on the administrator the right to make the application, and upon proof of the requisite allegations, it is the duty of the court to grant the order of sale. Cases like the present are made no exception to the general provisions of the statute. The most that can be alleged in behalf of the agreement of the heirs is, that it constitutes a mere *equitable* estoppel. But as to this, we decide nothing. The pleas under consideration do not controvert the facts alleged in the petition. They present an issue which at law is immaterial, and, therefore, no defense to the proceeding. If the case is one of impertinent or oppressive interference with the equitable rights of the heirs, they must seek relief in another forum whose powers are ample to protect them.—*Owens v. Childs*, 58 Ala. 113.

The motion made by the contestants to revoke the petitioner's letters of administration was properly overruled. It was a motion not pertinent to the present proceeding. It can not be doubted that the probate court possesses authority to revoke letters of administration which have been improvidently granted.

But the practice, in such cases, is for some interested party, desiring to have the letters revoked, to make an application in writing, setting out the facts which authorize the court to act, and invoking its jurisdiction for this purpose. It must be a direct proceeding, due notice of which must be given to the administrator, who has a right to appear and contest it, by showing cause why the prayer of the petition should not be

granted.   Great injustice, as well as confusion, would result by
allowing such an issue to be collaterally injected into a proceed-
ing to which it has no relevancy.

There is nothing in the other assignments of error.

Reversed and remanded.