# Graham *v.* Woodall.

*Action on Award.*

1. *Misconduct of arbitrators, as ground of objection to award.*—In an action on an award, a plea averring that the defendant had a defense, and was prepared to prove it before the arbitrators, but they adjourned after hearing plaintiff's testimony, promising to hear his testimony at another time, of which he should have notice, but afterwards rendered their award without hearing or notifying him, presents a valid defense.

2. *Error without injury in ruling on pleas.*—When a demurrer has been erroneously sustained to several special pleas, and at the next term, the cause having been continued, "plaintiff offers to join issue on said pleas, but defendant declines to offer them," and suffers judgment by *nil dicit,* this does not cure the error, nor justify the application of the rule as to error without injury.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. JOHN B. TALLY.

BROTHERS, WILLETT & WILLETT, and J. H. SAVAGE, for appellant,

[Graham v. Woodall.]

CALDWELL & JOHNSTON, contra, cited Woolf v. Shelton, 51 Ala. 425; Brewer v. Baine, 60 Ala. 153; Vaughn v. Smith, 69 Ala. 92; Mitcham v. Moore, 73 Ala. 542.

STONE, C. J.—The present suit counts on an award of arbitrators, made on agreed submission, without any order of court therefor. There was a demurrer to the complaint, which was rightly overruled.—1 Amer. & Eng. Encyc. Law, 707, note 1.

The defendant Graham pleaded several pleas in defense, to which plaintiff demurred, and the court sustained his demurrer. Declining to plead further, plaintiff had judgment. Each of defendant's pleas set up substantially the same defense, but we will confine what we have to say to those numbered one and two, as some of the others are insufficient. The substance of the defense is, that the defendant had a good defense, which he was prepared to prove by witnesses; that the arbitrators heard plaintiff's testimony, and then adjourned, informing defendant that they would hear his testimony at another time, of which he should have notice; but they rendered their award without hearing his testimony, and without giving him notice of any further sitting. This the pleas allege and rely on, as constituting partiality and fraud in the award.

There has been contrariety of decision on the question, whether fraud or partiality in the arbitrators can be raised as a defense to an action at law founded on the award. Some decisions hold that the defense can be made only in equity. We think, however, that both principle and the sounder line of authorities, require us to hold, that when such abuse has been practiced as the pleas in this case assert, the award furnishes no just ground for a recovery in an action at law. It has been assimilated, and rightly, to a judgment of a court of limited jurisdiction, rendered without acquiring jurisdiction of the person, and therefore a nullity.—Cross v. Wood, 22 Me. 455; Hook v. Philbrick, 23 N. H. 288; Goodall v. Cooley, 29 N. H. 48; Webber v. Ives, 1 Tyler (Vt.), 441; Crowell v. Davis, 12 Met. 293; Lincoln v. T. C. Manf. Co., 8 Cush. 415; Strong v. Strong, 7 Ib. 560; Elmendorf v. Harris, 23 Wend. 628; Peters v. Newkirk, 6 Cow. 103; Jordan v. Hyatt, 3 Barb. Sup. Ct. 275; McCormick v. Blackford, 4 Gratt. 133; Tate v. Vance, 27 Gratt. 571; McFarland v. Matthis, 5 Eng. (Ark.) 560; Lutz v. Linthicum, 8 Pet. 165.

The following cases may be consulted with profit: Boston

[Graham v. Woodall.]

*W. P. Co. v. Gray*, 6 Met. 131; *Conrad v. M. Ins. Co.*, 4 Allen, 26; *Newland v. Douglass*, 2 Johns. 62; *Paul v. Cunningham*, 9 Penn. St. 106; *Speer v. Bidwell*, 44 *Ib.* 23; *Sisk v. Garey*, 27 Md. 401; *Cothran v. Knox*, 13 S. C. 496; *Hyeronimus v. Allison*, 52 Mo. 102; *Tarrance v. Amsden*, 3 McL. 509.

The Circuit Court erred in sustaining the plaintiff's demurrer to pleas one and two.

After the ruling on the demurrers to the pleas, the cause was continued to the next term of the court. At the next term, the cause came on to be tried. The judgment-entry recites that "plaintiff offered to join issue on the pleas, to which demurrers were sustained at a former term of this court, but defendant declines to offer said pleas." It is contended for appellee, that this rejected offer healed the error of the court's ruling on demurrer, and leaves the appellant without just cause of complaint; in other words, that it rendered the court's ruling error without injury.

We need not announce what would be our ruling, if the court had expressed a willingness to reverse its decision on the demurrer, and the defendant had rejected the offer. No such announcement is shown to have been made. But, even in the supposed case, there might have been grave reasons for refusing the offer. When affirmative matters of defense are pleaded, the burden of proving their truth is on the pleader. He is expected and required to have his witnesses in attendance for the purpose. After his defense is solemnly adjudged to be insufficient, he is not expected to make any attempt to establish it. It would be improper in him to do so. We can not know why the offer was rejected; and inasmuch as the defendant may have had a good reason for his conduct, it is not affirmatively shown that the court's erroneous ruling did him no injury.—*Mitcham v. Moore*, 75 Ala. 542; *Rice v. Drennan*, 75 Ala. 335.

The present record does not present a case for the application of the rule of error without injury.

Reversed and remanded.