# Louisville & Nashville Railroad Co.
## *et al. v.* Hall.

*Action of Trespass Quare Clausum Fregit.*

| 131 | 161 |
| 133 | 388 |
| 133 | 452 |
| 131 | 161 |
| 138 | 365 |
| 131 | 161 |
| 141 | 340 |
| 142 | 379 |
| 131 | 161 |
| 144 | 151 |

1. *Action of trespass quare clausum fregit; what necessary to maintain action.*—The gist of an action of trespass *quare clausum fregit* is injury done to the possession of land, and, therefore, in order to support 'such an action, the plaintiff must show that as to the defendant, he had, at the time of the alleged injury, rightful possession, actual or constructive.

2. *Pleading and practice; when error in sustaining demurrer without injury and will not work a reversal.*—Where the facts alleged in a special plea can be introduced in evidence under the plea of the general issue, the erroneous sustaining of a demurrer to a special plea is error without injury, and will not work a reversal of a judgment rendered in favor of the plaintiff. (TYSON, J., *dissenting*, holds that in such case it must affirmatively appear from the record that the defendant, under the plea of the general issue, had the full benefit of the facts alleged in his special plea to which the demurrer was improperly sustained.)

3. *Bill of exceptions; when properly stricken from the file.*—Where a bill of exceptions contains a statement of everything that was done on the trial, and sets forth every word uttered by witnesses, attorneys, and judge, while the cause was being tried, and no effort is made to present the statements of the testimony or of its tendencies, but it is given *verbatim* as testified to by the witnesses, and the rulings against the party in whose favor the judgment was rendered is given, as well as those against the appellant, there is a flagrant violation

11

of Rule 33 of the circuit and inferior court practice, (Code, p. 1201), 'and such bill of exceptions will, on motion made, be stricken from the file.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action of trespass *quare clausum fregit,* brought by the appellee, J. N. Hall, against the appellants, the Louisville & Nashville Railroad Company, J. I. McKinney, T. H. Mizell and H. A. Shield, the Mobile & Montgomery Railroad Company and the Western Railway of Alabama; and sought to recover damages for entering upon the premises called "The Joe Hall Boarding House Property," near the city of Montgomery, and laying a railroad track thereon, against the protest of the plaintiff.

The defendants pleaded the general issue and several special pleas. The only plea reviewed on the present appeal was in words and figures as follows: "A. Come all the defendants jointly and for answer to the entire complaint, and to each count thereof,—say,—that the plaintiff has not now, and had not at the time of the alleged trespass, any paper title, or color of title, whatever, to the *locus in quo;* that in the year 1884, the plaintiff leased from the Louisville & Nashville Railroad Company the lot of land upon which he built his horse, which is the identical house, described and called the "Joe Hall Boarding House," situated near the western limits of the city of Montgomery, and described in the complaint; that at the time of said lease between the plaintiff and the Louisville & Nashville Railroad Company, the Louisville & Nashville Railroad Company was in the actual possession, as lessee, of all the property of the Mobile & Montgomery Railway Company, and of all the property of the Western Railway of Alabama, west of the city of Montgomery, that plaintiff's possession under said first mentioned lease continued of force, and plaintiff held under it, until, to-wit, the 26th day of March, 1892, when plaintiff bought from said Mobile & Montgomery Railway Company, and the Louisville & Nashville Railroad Company, the property described in the deed set out as Exhibit "A," to plea No. 2 of the Mobile & Montgomery

Railway Company, which plea and exhibit are here referred to and made a part of this plea; that the plaintiff entered under said deed and held the property therein described, and that said deed did not convey the *locus in quo* upon which the alleged trespass was committed; that the defendants, Shields, McKinney and Mizell, entered as the servants and agents of the said L. & N. R. R. Co., claiming under it; that said Hall never had any claim of inheritance or of purchase to the *locus in quo* mentioned in the complaint, and that he has never filed in the office of the probate judge of Montgomery county, the county in which said *locus in quo* lies, a declaration in writing subscribed by him, setting forth his adverse claim, and particularly describing the *locus in quo,* of which he claims to be in adverse possession thereof."

The plea numbered 2 referred to in plea numbered A, was as follows:

"2. And for further plea in this behalf by defendant in its own behalf and not jointly with the other defendants, the said Mobile & Montgomery Railway Company for answer to the complaint as a whole, and also separately to each count thereof,—says, that the *locus in quo* on which said alleged trespass was committed, was not, at the time of the alleged trespass, in the possession of the plaintiff, but that at that time, the legal title to the *locus in quo* was in this defendant; but that the Western Railway of Alabama, a corporation under the general laws of Alabama, was then in the possession of the *locus in quo,* holding adversely to this defendant, and also to the plaintiff, and that plaintiff in this suit purchased whatever title he had to the *locus in quo* from this defendant, and that the deed of conveyance under which he claimed the property described in the complaint, and which is the only deed or conveyance under which he claims title to the *locus in quo,* does not convey the premises contained in the *locus in quo,* and that if plaintiff ever claimed said *locus in quo* adversely to this defendant, he did not give notice of his adverse possession or claim by filing in the office of the judge of probate of the county in which the land lies, to-wit, Montgomery county,—a declaration in writing subscribed by him, setting forth such claim,

and particularly describing the real estate of which he claims to be in adverse possession. A copy of said deed from this defendant to the plaintiff is hereto attached, marked Exhibit 'A,' and made a part of this plea."

The plaintiff demurred to plea "A" upon the following grounds: "1. In so far as the same is an answer to counts 1 and 3 of the complaint that said defendants do not aver that the plaintiff was not in possession of the *locus in quo* at the time of the alleged trespass. 2. That said defendants do not aver that at the time of the entry into possession, or adverse claim of possession of said *locus in quo* by the plaintiff commenced on or subsequent to the 11th day of February, 1893. 3. So far as it attempts to answer count 2, plaintiff demurs and assigns as grounds that said defendants do not aver that the plaintiff had no legal title or right of immediate possession at the time of said alleged trespass by said defendants."

Under the opinion on the present appeal, it is unnecessary to set out in detail the facts as adduced in the evidence.

There were verdict and judgment for the plaintiff, assessing his damages at one thousand dollars. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. M. FALKNER and THOS. G. & CHAS. P. JONES, for appellant.—The bill of exceptions in this case should not be stricken from the file. The general charge was asked in good faith, and this constitutes an exception to the rule as to the mode in which the testimony should be set out in the bill of exceptions. The controlling question is whether or not the general charge was asked in good faith.

The transcript in this case was filed in the Supreme Court on the 19th of December, 1899, long before the case of *Gassenheimer Paper Co. v. Marietta Paper Manufacturing Co.*, 127 Ala. 183, and long before the case of *Woodward Iron Co. v. Herndon*, 130 Ala. 364. Under these circumstances, the announcement in the case just referred to should not control in the present case.

A. A. WILEY and CHAS. WILKINSON, *contra.*—The bill of exceptions should have been stricken from the record. It was in violation of rule 33 of circuit and inferior court practice.—*Gassenheimer Paper Co. v. Marietta Paper Manufacturing Co.*, 127 Ala. 183.

The sustaining of the demurrer to plea A should not work a reversal of the judgment rendered in favor of the plaintiff. The defendant could have introduced the same evidence under the general issue as he could have introduced under the special plea.—*Bir. R. & E. Co. v. Allen*, 99 Ala. 365; *Stephens v. Whistler*, 11 East. 51; *Garr v. Fletcher*, 2 Starkies Cases 71; *Chambers v. Donalson*, 11 East. 72; *Doddy v. Kyffin*, 7 T. R. 354; *Van Buskirk v. Erwin*, 7 Cowan 35; *McInerny v. Irwin*, 90 Ala. 276; *Tillis v. Austin*, 117 Ala. 264; *L. & N. R. R. Co. v. Hall*, 87 Ala. 722.

TYSON, J.—This was an action of trespass *quare clausum fregit.* The complaint contains three counts. The first relies for a recovery upon plaintiff's possession of the *locus in quo;* the second, upon title, and the third, upon title and possession.

The gist of this action is the injury done to the possession; and of consequence, to support it, the plaintiff must show that, as to the defendants, he had at the time of the alleged injury, rightful possession, actual or constructive. Of course if he has title to the property alleged to have been trespassed upon, he has constructive possession of it, unless he has parted with the possession conferring on another the exclusive right of enjoyment against whom he has not the right of immediate possession.—*Davis v. Young*, 20 Ala. 151; *Boswell & Wooley v. Carlisle, Jones & Co.*, 70 Ala. 244; *Dunlap v. Steele*, 80 Ala. 424; *Fields v. Williams*, 91 Ala. 502. As against a stranger, actual possession will support the action, without regard to whether plaintiff had title at the time of the alleged trespass.—*Duncan v. Petts*, 5 Stew. & Port. 82; *Langford v. Green*, 62 Ala. 314. But as against one having title to the property alleged to have been trespassed upon and having been wrongfully denied possession, in 26 Am. & Eng. Ency. Law (1st ed.), 600, it is said: "One having title to

property and wrongfully denied possession, can enter without being guilty of trespass; so a tenant, mortgagor or other person, without title, may have a present right of possession which will justify his entry or enable him, if in possession, to maintain trespass for the wrongful entry of another." See in support of this proposition note 1 on page 600 and note 1 on page 601 of the same volume where the cases are collated. This principle was recognized in *Herndon v. Bartlett,* 4 Port. 481, where the court held that the plea of *liberum tenementum* was an answer to a complaint in trespass *quare clausum fregit* alleging entry with force and arms and was proper matter for special plea. See also 26 Am. & Eng. Ency. Law (1st ed.), 632-634. In view of the conclusion to strike the bill of exceptions, the only matter before us for consideration is whether the joint plea of all the defendants designated as "A" was subject to the demurrer interposed to it. That plea refers to and makes a part of it, plea "2" of the Mobile and Montgomery Railway Company, one of the defendants in the cause. In the absence of all objection to this mode of pleading, we must hold that the effect of this reference, etc., to plea 2 was to incorporate the allegations of fact in that plea into the plea under consideration and to make those allegations as much a part of this plea as if they had been actually written in the body of it. With the plea thus framed, it contains a denial of plaintiff's possession and title to the *locus in quo* and an allegation of *liberum tenementum* in the Mobile and Montgomery Railway Company. It is clear that it was not subject to the demurrer interposed to it, whatever may be its defects in other respects. For the error committed in sustaining the demurrer, the judgment must be reversed.

The bill of exceptions must be stricken on the authority of *Gassenheimer Paper Co. v. Marietta Paper Co.,* 127 Ala. 183, on account of being in violation of Rule 33 of circuit and inferior court practice (Code, p. 1201). The frame of the bill of exceptions in this case is identical with the one in the *Gassenheimer Paper Co.* case. Here, as there, it "contains a statement of everything that was done on the trial, and sets forth

every word uttered by everybody—witnesses, attorneys, judge, etc.,—while it was in progress. * * * No effort is made to present a statement of the testimony or its tendencies, as the rule requires, but it is given *verbatim* as it comes from the mouths of witnesses. Not only are the objections to the testimony stated, but the arguments of counsel upon the objections are set forth at length and in full; and not only are shown the rulings of the court, but every remark of the presiding judge is set forth with care and particularity." It also sets forth rulings against the plaintiff and other defendants in whose favor there was a verdict and judgment, who of course do not appeal, and the grounds upon which those rulings were made and the exceptions thereto, along with the suggestions, remarks and arguments of counsel thereon.

But it is insisted that all this was necessary because the affirmative charge was given for the plaintiff and refused to these appellants. This contention is based upon a mistaken interpretation of the provision of the rule to the effect that bills of exceptions may contain a statement of testimony *in extenso,* when the affirmative charge has been asked in good faith.—*Woodward Iron Co. v. Herndon,* 130 Ala. 364. It may be, as was said in the case just cited, that "occasionally it may be necessary, in order to convey some shade of meaning which cannot be stated aptly, or where there is doubt as to the meaning, to set forth the question and the answer; but it is not conceived that this necessity can often arise." Here, it may be well to call attention to the difference between the bill of exceptions in the *Woodward Iron Co. case,* which this court did not strike, but imposed the cost of it on the appellant, and the one under consideration. In that case, the bill only contained the questions to and answers of the witnesses— no speeches, remarks or suggestions of attorneys, remarks of judge, objections and exceptions of successful party, etc. It must be understood, however, that the considerations which were allowed to obtain in the *Woodward Iron Co. case* to the end of saving the bill of exceptions from being stricken, will not be indulged in another where the bill is framed as that one was and

prepared after the announcement of the opinion in that case.

Again it is contended that appellants out of deference to the wishes of the presiding judge prepared the bill of exceptions as it appears in this record. The facts upon which this contention is based, are shown by an affidavit of the judge. But his conception of what the bill should contain, doubtless grew out of a misconstruction of the rule and his requirement that the bill be constructed in violation of it is no excuse. Had the bill been properly framed and had he refused to sign it on presentation, it could have been established in this court.

The writer of this opinion, however, thinks that the striking of the bill of exceptions is too severe a penalty to impose, in view of the nature of the case rendering it exceedingly difficult to state in an orderly manner all the testimony or its tendencies; and in view of the fact that the affirmative charge was given for the plaintiff and refused to these appellants. Furthermore, he is induced to this conclusion by the fact that this cause was submitted before the announcement of the opinion in the *Gassenheimer Paper Co. case;* and while he concedes that this bill was a more flagrant infraction of the rule than was the one in the *Woodward Iron Co. case,* still in view of the considerations which were allowed to obtain in that case, he thinks under the circumstances, they should be allowed to prevail here. A sufficient punishment, in his opinion, would be an imposition of costs.

Reversed and remanded. Costs of bill of exceptions to be adjudged against appellants.

### On Application for Rehearing.

The other members of the court while still adhering to their position in respect to striking the bill of exceptions, however, recede from their conclusion as to a reversal of the judgment in the cause. While conceding there was error in the rulings of the trial court in sustaining the demurrer to the special plea, they now hold, that it was error without injury. They predicate

their conclusion in this respect upon the proposition that the facts alleged in the plea could have been introduced in evidence, not that they were, under the plea of the general issue—a proposition of law which is not entirely free from doubt. They rely, in support of their conclusion upon *Powell r. Asten*, 36 Ala. 140; *Rogers r. Brazeale*, 34 Ala. 512; *Stein v. Ashby*, 24 Ala. 521 and *Owings r. Binford*, 80 Ala. 421. It must be conceded that the two cases first named support their holding. The opinion in each of them are by the same judge and show that he gave but little consideration to the question. Indeed the cases he cites to support his views do not do so. In each of them the facts stated in the plea to which a demurrer was sustained were afterwards received in evidence upon the trial. But the last two do not, except in a *dictum* which, of course, is not authority. The report of these cases show that the defendant in each of them *actually* had the benefit of all evidence under other pleas to which he would have been entitled, had the pleas to which demurrers were sustained, remained in the record. There was, therefore, no necessity for this court in reviewing those cases to say more than that the error was cured by allowing the defendant to introduce the facts alleged in his pleas in evidence under another plea—a well recognized principle which has often been invoked and applied by this court. The writer's position is, error having confessedly been shown in this case, the fact must affirmatively appear from the record that defendants under their plea of the general issue, *had the full benefit of the facts* alleged in their special plea to which a demurrer was improperly sustained. And this fact not appearing from the record, the bill of exceptions having been stricken, the presumption of injury must prevail. This principle was applied and enforced in the following cases, in which precisely the point here under consideration was involved: *Lambic v. The Sloss Iron & Steel Co.*, 118 Ala. 427; *Mitchell r. Moore*, 73 Ala. 542; *Graham r. Woodall*, 86 Ala. 313; *Rice v. Drennen*, 75 Ala. 335; *Rigby r. Norwood*, 34 Ala. 129; *Fails v. Weissinger*, 11 Ala. 801; *Pinkston r. Green*, 9 Ala. 19.

In *Fails r. Weissinger*, *supra*, it was said: "It is, however, contended for defendant in error, that al-

though the demurrer to the pleas should not have been sustained, yet as the defendants below might have proved the same fact which they set up under the other pleas, they have not been prejudiced by the judgment on demurrer; and, therefore, cannot complain of the decision against them. All the pleas were affirmative, and it devolved upon defendants after the plaintiff had produced the bond and shown a breach, to sustain a defense by proof. Now although it may be that the plea of performance would have tolerated the admission of all the facts alleged in the several pleas; yet we must intend under the circumstances of the case that the demurrers were sustained, because it was supposed that the pleas adjudged bad, did not present an available defense; that the court would not have admitted evidence of the fact they alleged. When a demurrer to a plea has been improperly sustained, if it appears that the defendant has had the benefit he could have derived from it, upon the trial of issues on other equivalent pleas, he cannot insist upon the error; as no real injury was done him."

In *Mitcham v. Moore, supra,* BRICKELL, C. J., speaking for the court, said: "It is insisted for the appellee, that although the demurrers to the special pleas were sustained erroneously, the error is without injury, as the appellants could have had the benefit of the facts stated in them, under the general issue upon which the trial was had. The rule is quite general, that if a demurrer to a special plea is erroneously sustained, the error is without injury and not a cause of reversal, if it appears that the defendant has had, under the general issue, the full benefit which could have been derived from the special plea. But that fact must affirmatively appear from the record, and if it does not, the presumption of injury, arising from error clearly shown, must prevail. * * * The fact does not now appear; the bill of exceptions states all the evidence and none was given of the facts stated in these pleas, nor is it probable that such evidence would have been admitted, if offered."

In *Lambie v. The Sloss Iron & Steel Co., supra,* the same learned judge used this language: "When a de-

murrer is erroneously sustained to a special count, the presumption of injury arising from error must prevail, though it be true the plaintiff under the common counts could have given evidence of all matters, which would have been available under the special count, unless it appears that such evidence was introduced. The fact of the introduction of such evidence, does not affirmatively appear, nor is it probable that it would have been received if offered."

In *Rice v. Drennen, supra,* SOMMERVILLE, J., speaking, said : "We are unable to perceive upon what ground the first plea was adjudged bad. * * * The court erred in pronouncing it bad, in whatever form the objection to it may have been presented. It is contended that this action of the court must be regarded as error without injury as the case seems afterwards to have been tried upon its general merits. It does not appear, however, that the contestants offered any evidence in the cause whatever and we cannot know that they were not deterred from doing so by this erroneous ruling of the court. They had the right to suppose that, inasmuch as the plea had been pronounced bad, all evidence offered in support of it would have been excluded by the court on objection taken to it by the petitioner."

Excerpts from other cases cited to support my contention might be quoted, but these will suffice to show that no presumption can be indulged to overcome the presumption of injury after error is shown. And unless we indulge the presumption that the trial court would stultify itself by receiving evidence to establish a state of facts, as a defense, after having ruled that the same state of facts alleged in a plea constituted no defense, we are forced logically to the conclusion which the writer contends for is the law. And this cannot be done unless we abrogate the rule laid down in the cases cited above and quoted from, which has obtained in this State since the establishment of this court. Before concluding I will cite the case of *Troy Fertilizer Co. v. The State of Alabama,* decided at present term, which fully sustains my contention. In that case, notwithstanding the facts stated in the special pleas, stricken on motion, were received in evidence, this court reversed

the judgment because of the error in striking them, although the facts alleged in them were confessedly no defense to the action. It is true, it is said that the facts stated in the pleas could not have been introduced under the general issue, but the record showed that they were received in evidence without objection. The principle undelying the opinion is, error having been shown, it could not be said that no injury resulted to the defendant—that it had all the benefit from the evidence, that it would have been entitled to had the pleas not been stricken. I was, at first, inclined to think that the opinion was wrong, but I have become convinced of its correctness. Although the point seems technical, yet, to hold otherwise would be to emasculate the statute requiring special demurrers and to infringe upon the rule which I am so strenuously insisting upon upholding in this case.