# Greer *v.* Herren.

## *Partition.*

(Decided June 13, 1906. 41 So. Rep. 783.)

*Partition and Division; Interest of Parties; Probate Court; Jurisdiction.*—Where the only interest of the petitioning party in the land sought to be partitioned was by virtue of the will of the deceased owner, under which his only interest was a right to share in the distribution of the assets of the estate after a sale thereof, subject to an adjustment in proportion to advances made, the probate court was without jurisdiction to adjust these matters under a statutory proceedings to sell lands for division among joint owners.

APPEAL from Tallapoosa Probate Court.
Heard before HON. G. J. SORRELL.

[Greer v. Herren.]

Petition by T. S. Herren against the other heirs at law and devises of James Vaughn for the partition of certain property described therein. The facts and pleadings sufficiently appear in the opinion of the court. From a decree granting the prayer of the petition, this appeal is prosecuted.

LACKEY & BRIDGES, for appellant.—In partition suits in the probate court the evidence must be taken as in chancery cases.—Code, § 3181.

It is well settled that land directed by will to be sold and converted into money, which is to be paid to certain beneficiaries, is for the purposes of that provision to be considered as money from the date of the testator's death, or if the sale is not to take place till the happening of a contingency then the conversion dates from the happening of the contingency.—*Allen v. Watts,* 98 Ala. 384; *High v. Worley,* 33 Ala. 196; *Massey v. Modawell,* 73 Ala. 421; *Fletcher v. Ashburner,* 1st Browns C. C. 497; *Craig v. Leslie,* 3 Wheaton 564; *Ford v. Ford,* 5 Am. State Rep. 117 to 144; *Bunts v. Vandergrift,* 8 Paige N. Y. Chan. 36; *Scudders exrs v. Vanarsdale,* 13 N. J. Eq. 109; *Wurts Exrs v. Page,* 19 N. J. Eq. 365;.

Where a will contains a power of sale, not mandatory in terms but it is apparent from the general scope and tenor of the will, that the testator intended all his realty to be sold, the power of sale will be held imperative and the doctrine of equitable conversion applies.—*Ford v. Ford, supra; Wurts Exrs v. Page, supra;* Pomroy's Eq. Vol. 3, § 1160.

A person to whom is bequeathed the proceeds of land directed to be sold and converted into money has no estate in the land but only an interest in the execution of the trust.—*Pratt L. & I. Co. v. Robertson,* 140 Ala. 584; *Fletcher v. Ashburner,* White & Tudor leading cases 1161; *Allen v. Watts Exr.,* 98 Ala. 384.

In such a case the beneficiaries of the proceeds of such sale may at their election reconvert the property into land but such reconversion can only be made by all the parties jointly and not by each separately for himself.—

*High v. Worley,* 33 Ala. 196; *Rice v. Bixler,* Watts & Sargent, Vol. 1, § 445 to 455; *Smith v. Starr,* 3 Wharton 62-65.

The probate court has no power to compensate for inequalities in partition nor to provide for relieving the land of incumbrances, nor to adjust and equalize advancements among tenants in common, when the land descended from a common ancestor.—*Marshall v. Marshall,* 86 Ala. 383; *Wilkinson v. Stuart,* 74 Ala. 199.

When it is shown that the subscribing witness to an instrument in writing is dead or out of the state it may be offered in evidence upon proof of the handwriting of the witness and that his signature is genuine.—*Foote v. Cobb,* 18 Ala. 585; *Smith v. Kelser Exrs.,* 115 Ala. 485.

The execution of an instrument in writing not attested or acknowledged may be proven by any one who saw the maker sign it.—*Jones v. Hough,* 77 Ala. 437.

JAMES W. STROTHER, for appellee.—The doctrine of equitable conversion has no application in this case. A conversion is a mere fiction of the law.—*Ford v. Ford,* 5 Am. St. Rep. 117; *Howard v. Peavy,* 15 Am. St. Rep. 120; *Allen v. Watts,* 98 Ala. 392.

The conversion authorized by the will was for the purpose of division only. For all other purposes the property remains real estate.—*Taylor, et al. v. Crook, Adm'r,* 136 Ala. 354; *Allen v. Watts,* 98 Ala. 392; *Johnson v. Holifield,* 82 Ala. 127; *Moore v. Campbell,* 102 Ala. 449.

The conversion in this case never having taken place, never having been made, the property, of course, continued to be real estate, and the executor on whom was imposed a trust and in whom was vested the power of making such conversion, it would seem, that there is no other method by which a division of said property could be made than by a sale of the same for said purpose, and this instead of violating the terms of said will would be carrying out its provisions if the contention of the appellant that the will directs said property to be sold is correct. Furthermore, persons interested may re-con-

vert the property and take it as land.—*Greenland v. Waddell*, 15 Am. St. Rep. 400.

SIMPSON, J.—This was a petition filed in the probate court, by appellee against appellants, asking for a sale of the land described for partition among the heirs of James Vaughan, and their vendees. The answers or pleas, as called and treated in the record, set up the defense, that the property in question belonged to the estate of said James Vaughn, and that according to his will, which is set out in full, said property was to be sold by his executor, and after the adjustment of advances the proceeds were to be distributed among the parties in interest, and that therefore the probate court was without jurisdiction to sell the land for partition in accordance with the prayer of the petition. The court sustained demurrers to the said pleas and ordered the sale of the land.

By the third item in the will the property in question was left to Sarah Vaughn, the widow of James Vaughn, for life, and in said item the option was given to the son, Frederick A. Vaughn, to take it at a valuation to be fixed by appraisers, and account for it as a part of his distributive share of his father's estate; and by the tenth item said Frederick A. Vaughn was made executor, and as such was directed to sell all of the lands which said James Vaughn died possessed of and undisposed of, and after the sale of the lands, the collection of the other assets, the payment of debts, three disinterested parties, to be selected by the children, were to distribute the money "in accordance with the provisions of this will." The other items of the will provide that each devisee is to be charged with the advances which had been made to him or her. It does not seem that said Frederick A. Vaughn has ever elected to take this property, though there is a conflict in the evidence on that point. If he did, then, of course, there would be nothing to partition, and, if he did not, then it appears as follows: The petition in this case was filed August 12, 1905, and it appears that James Vaughn died in 1880, his widow died

in 1886, and Fred. A. Vaughn was in possession of the premises, as executor, until his death in July, 1902, and that the respondent, Mrs. Greer, had filed a bill in the chancery court March 3, 1903, seeking to remove the estate of James Vaughn into the chancery court and have distribution there made.

Whatever interest any of the parties had in the property in question was under and by virtue of the will of said James Vaughn, and according to said will that interest was only the right to a distributive share of the proceeds of the sale of the property, subject to a deduction to be made on account of the advancements. The probate court was without jurisdiction to adjust these matters in the statutory proceedings to sell lands for partition among joint owners.—*Wimberly v. Wimberly,* 38 Ala. 40; *Wilkinson v. Stewart,* 74 Ala. 198, 204; *Marshall v. Marshall,* 86 Ala. 383, 389, 5 South. 475; *Allen v. Watts,* 98 Ala. 384, 11 South. 646.

The decree of the court is reversed, and a decree will be here rendered dismissing the petition.

Reversed and rendered.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.