# Benjamin *r.* Slaughter, *et al.*

## Trespass by Cutting Trees.

(Decided July 2, 1907.   44 South. 468.)

1. *Trespass; Right of Action; Title to Support.*—Where a tenant in common sold an undivided interest in lands to a purchaser, who died before obtaining his deed and the co-tenant and the administrator of the purchaser partitioned the land and the selling co-tenant conveyed his interest to the heirs of the purchaser and the other tenants conveyed to his administrator the part proportioned to him; and the administrator was an heir of the purchaser and received a deed to his part from the other heirs of the purchaser and went into possession and held in his own right his title was good as against strangers and sufficient to maintain an action for trespass committed ∪y a stranger.

2. *Same.*—In support of an action for trespass for cutting timber where plaintiff was at the commencement of the suit in the rightful actual possession of the land claiming as his own against all persons except certain mortgagees, and afterwards acquired the interest of the mortgaee, his title was sufficient to maintain the action.

3. *Appeal; Ruling on Demurrer; Harmless Error.*—It is not error prejudicial to defendant to sustain a demurrer to pleas setting up matter available under the plea of the general issue, which was interposed.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Archer W. Slaughter and another against Paris Benjamin. From a judgment for plaintiffs, defendant appeals. Affirmed.

This was an action of trespass begun by Archer W. and Dupree Slaughter agaisst Paris Benjamin as defendant, and sought to recover $400 damages for cutting and carrying away 55 cottonwood trees, 40 cottonwood saplings, and 1 oak tree from certain lands described in the complaint. The second count was the same as the first, except that it alleged the cutting of divers other trees during the time of the cutting. The defendant

filed the following plea: "Comes the defendant, and says that at the time this action was commenced the plaintiffs did not own the whole interest in the lands on which it is alleged the defendant trespassed, but owned only an undivided interest therein; that defendant is informed that the other interest is said lands was then claimed by one Howell Slaughter, but this deed was not on record, all of which he is ready to verify, and where- fore he prays that the suit may be abated. Plaintiff demurred to this plea on various grounds not necessary to be set out. The facts in reference to the title are fully stated in the opinion, and it is not denied but that the defendant cut and carried away the trees. The defend- ant requested the following charges which were refused: (1) The general affirmative charge. (2) "The court charges the jury that in this case, even if they should find for the plaintiff, they would not be entitled to re- cover but one-half of the damages of the land."

ERWIN & MCALEER, for appellants.—The plea in abatement was the proper way to raise the question that the other co-tenants were not joined as plaintiffs.— *Lothrop v. Arnold*, 43 Am. Dec. 256; Freeman on Co- Tenancy, § 353. Actions of trespass where an injury to the freehold is claimed must be prosecuted in the name of all the owners.—*Milner v. Milner*, 101 Ala. 602; *Pruett v. Ellington*, 54 Ala. 457; *Lowery v. Roland*, 104 Ala. 427; 11 A. & E. Ency. of Law, 1136; 11 A. & E. P. & P. 771; 39 Am. Dec. 582; 87 Am. Dec. 558. Damage for injury to lands belongs to the owner of the lands at the time of the trespass and do not pass by deed to the purchaser.—*Evans v. S. & W. R. R. Co.*, 90 Ala. 59; *L. & N. R. R. Co. v. Hill*, 115 Ala. 234.

[Benjamin v. Slaughter, et al.]

R. P. ROACH, for appellee.—The mortgagor or one holding under him in possession of lands before foreclosure is the proper and only party having the right to sue for a trespass committed during such possession.—*Turner Coal Co. v. Glover*, 101 Ala. 296; *Cotton v. Carlisle*, 85 Ala. 177; *Comer v. Sheehan*, 74 Ala. 457; *Allen v. Kellam*, 69 Ala. 443; *Knox v. Easton*, 38 Ala. 345. A conveyance executed by the owner after the acts of trespass will not defeat his right of action.—28 A. & E. Ency. of Law, 576. Actual possession of a part under valid written title to the whole is a sufficient possession of the whole to give a right of action against a trespasser.—28 A. & E. Ency. of Law, p. 80. No co-tenancy existed and the remedy was severable.—*Lowery v. Roland*, 104 Ala. 426; *Thompson v. Morwhinney*, 17 Ala. 368; *L. & N. R. RF. Co. v. Hall*, 131 Ala. 165. Benjamin was a stranger and plaintiffs were in the rightful and exclusive possession of the land.

DENSON, J.—The Stockton Lumber Company, a corporation, and H. J. Hunt, were equal owners as tenants in common of several tracts of land located in Baldwin and Clarke counties, and including the tract involved in this suit. The corporation bargained and sold its undivided half interest to W. H. Slaughter, who died before a deed was executed by the corporation to him. Letters of administration were issued on Slaughter's estate to H. W. and Archer W. Slaughter, sons of the deceased. After the death of Slaughter, on the 18th day of February, 1899, an agreement in writing was entered into by the corporation, Hunt, and the administrators of Slaughter, by which a division of the lands between the said administrators and Hunt was made; and in pursuance of the agreement Hunt, on the 29th of March, 1899, executed a deed to the administtrators

to his undivided half interest in the lands that under the agreement fell to Slaughter, including the tract involved in the present suit. The lumber company had previous to the division executed its deed to the heirs at law of Slaughter (naming them), conveying its undivided half interest to them in all the lands jointly owned by it and Hunt. On the 9th day of June, 1899, the heirs at law of W. H. Slaughter (except the plaintiffs), including W. H. Slaugther, executed to the plaintiffs a deed conveying to them an undivided half interest in all the lands that were originally owned by the lumber company and Hunt; the deed following the description as given in the previous deed made by the company to the heirs. This deed, as is shown by its recitals, was made in furtherance of and to carry out an agreement made among all the heirs of W. H. Slaughter (including H. W. Slaughter) on the 23d day of February, 1897, by the terms of which certain property, including the lands in controversy, was to be conveyed to Archer W. and Dupree Slaughter, the plaintiffs in this suit. The testimony shows that Archer W. and Dupree, the grantees in the deed and the plaintiffs in this suit, after the execution of the deed went into possession of the lands in controversy, and held them in their own right and exclusive of all the other heirs of the deceased (Slaughter), and were so in possession and holding at the time of the alleged trespass. In this state of the case, the title of the plaintiffs to the locus in quo is good as to all persons who are strangers to the title, notwithstanding plaintiffs may not have shown a perfect paper title from the heirs.—2 Waterman on Trespass, p. 382.

The evidence shows that at the time Hunt executed the deed to Slaughter's administrators there was an outstanding mortgage, made by Hunt to B. F. Fitz-

[Benjamin v. Slaughter, et al.]

patrick & Co., covering Hunt's undivided half interest in the tract of land involved here; and Hunt agreed, when the partition was made of the lands between him and the Slaughters, that, if the tract covered by the mortgage should ever be subjected to the payment of the mortgage, he would "make it good." He agreed to pay the mortgage. The mortgage was transferred by Fitzpatrick & Co. to the People's Bank, at Mobile, and the bank foreclosed the mortgage in the chancery court of Mobile county, and at the sale H. W. Slaughter bought the land. After H. W. Slaughter bought at the sale, Joe Hunt, a son of H. J. Hunt, redeemed the land from H. W. Slaughter (after the suit was brought). H. W. Slaughter then made a ded to Joe Hunt, and Joe Hunt made a deed to plaintiffs about a year before the trial of the cause in the court below. When the foreclosure sale was made does not definitely appear in the evidence; but at the time of the sale plaintiffs were in possession of the land, claiming it as their own. H. W. Slaughter testified that plaintiffs were in possession when he bought at the sale, and that "it was all understood with us when I bid it in." It appears from the evidence that plaintiffs at the commencement of the suit were in the rightful actual possession of the lands, claiming them as their own as against all persons except possibly the transferees of the mortgage; and with it the defendant did not pretend to connect himself. Furthermore, if H. W. Slaughter acquired any interest by his purchase, that interest passed out of him by his deed to Hunt, and passed back to plaintiff by Hunt's deed made to them a year before the trial of the cause. In this state of the case, the court did not err in its refusal to give the charges requested by the defendant.—*L. & N. R. R. Co. v. Hall*, 131 Ala. 161, 32 South. 603

29 R

If the plea to which the demurrer was sustained pre-sented a good defense, it affirmatively appears that the same matter was presented under the plea of the general issue. Therefore no injury was suffered by the defendant from the judgment sustaining the demurrer to the spe-cial plea. There is no error in the record and the judg-ment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DOWDELL, JJ., con-cur.